■ RALPH GUGGENHEIM, Respondent, v ANN GUGGENHEIM, Appellant. — Mahoney, P. J. Appeal from that part of an order of the Supreme Court at Special Term (Bryant, J.), entered August 13, 1984 in Tompkins County, which amended a final judgment of divorce.

On June 9, 1982, defendant obtained a final judgment of divorce. The judgment was based, in part, upon a stipulation between the parties which was incorporated therein. So far as pertinent herein, the stipulation provided that defendant was to have the exclusive occupancy of the marital residence. Thereafter, defendant moved for an order pursuant to Domestic Relations Law § 236 to modify and amend the final judgment so as to require plaintiff to provide for the support of defendant or, in the alternative, to refer the issue to Family Court. Special Term referred all issues relative to the support and maintenance of defendant to Family Court. However, Special Term also modified the final judgment of divorce "so as to strike therefrom any provisions therein which would preclude the disposition of the real property of the parties by partition". This appeal by defendant from that part of the order authorizing realty partition ensued. We reverse.

Here, plaintiff failed to serve a notice of cross motion seeking the relief of authorization of partition. Such a notice should have accompanied the affidavit of plaintiff's counsel in opposition to defendant's motion for support (*see,* CPLR 2215). "It is not as a rule sufficient to demand such relief in opposing affidavits or memoranda; an outright notice is required, to avoid any surprise at all to the original movant" (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C2215:1, p 107). While we have held that the absence of a separate notice of

motion is not necessarily fatal where the element of surprise is removed by a clear recitation in the answering affidavit of a party's intention to seek separate relief on the return date of the movant's motion (*Plateis v Flax,* 54 AD2d 813; *see, Haskell v State of New York,* 81 AD2d 953), no such intention was set forth in plaintiff's answering papers. It is not enough to request such relief orally on the return date of the movant's motion.

Order modified, on the law, without costs, by reversing so much thereof as modified the final judgment of divorce by striking therefrom any provisions which would preclude disposition of the real property of the parties by partition, and, as so modified, affirmed. Mahoney, P. J., Mikoll, Yesawich, Jr., and Levine, JJ., concur.