■ BENJAMIN I. WECHSLER, Respondent-Appellant, v THE PEOPLE OF THE STATE OF NEW YORK, Appellant-Respondent.— Casey, J. P. Cross appeals from a judgment of the Supreme Court (Williams, J.), entered March 7, 1988 in Sullivan County, which dismissed plaintiff's complaint and defendant's counterclaims and declared the rights of the parties in certain real property.

Plaintiff commenced this action to enforce and to restrain interference with his hunting and fishing easement over certain lands owned by the State. The easement was created in 1923 when William A. Bradford conveyed a portion of his lands on both sides of the Neversink River in Sullivan County to Alfred J. Crane. The specific language creating the easement recites:

"Reserving, however, to the said William A. Bradford, his heirs, licensees and assigns * * * the exclusive right of fishing and taking away the fish caught, and of shooting and trapping and taking away the game caught, the grantee by the acceptance hereof agreeing that it, its successors and assigns, shall never fish, hunt or trap game on the premises hereby conveyed * * *.

"Reserving, further to said William A. Bradford, his heirs, licensees and assigns, forever, the right to enter upon and make such use of the premises hereby conveyed as may be necessary for the proper enjoyment of the fishing and hunting privileges hereby reserved."

Bradford's deed to Crane also included a covenant restricting the use of the land on the west bank of the river to the erection of a hydroelectric plant and facilities. Crane subsequently conveyed his holdings to Rockland Light and Power Company, predecessor of Orange and Rockland Utilities. Through various mesne conveyances and transactions, plaintiff became the owner of the exclusive hunting and fishing rights originally reserved by Bradford. In the late 1970's, the restrictive covenant on the lands on the west bank of the river was extinguished by court action; plaintiff appeared in opposition to the extinguishment of the restriction upon the ground

that it would impair the value of his hunting and fishing easement *(Orange & Rockland Utils. v Philwold Estates,* 70 AD2d 338, *mod* 52 NY2d 253). In 1981, the land on the east bank of the river was conveyed to defendant, subject to plaintiff's hunting and fishing easement.

Plaintiff's complaint in this action alleges that two senior employees of the Department of Environmental Conservation (hereinafter DEC) had violated the covenant by fishing and taking away fish upon lands in which plaintiff has those exclusive rights. Defendant has denied the allegations, filed counterclaims and requested a declaration of the rights of the parties. In March 1988, Supreme Court, after hearing testimony, dismissed the complaint and the counterclaims. Supreme Court declared, however, that plaintiff possessed exclusive rights to hunt, fish and trap upon the subject property owned by defendant and that defendant, its successors and assigns "shall never fish, hunt or trap game" on that property. Additionally, Supreme Court found that the maintenance, construction and use of certain permanent structures and the posting of signs on the subject property by plaintiff are "reasonably appurtenant to the exercise of the plaintiff's reserved rights". Supreme Court also exempted plaintiff and his invitees, tenants and licensees while on the subject premises from compliance with DEC's rules and regulations applicable to unique areas. Supreme Court further declared that "defendant, its agents, employees, licensees, and specifically members of the general public may not enter upon the subject property, may not undertake any activities upon the subject property of any kind or nature whatsoever" except that defendant may enter to fight fires, enforce laws or render emergency assistance. The parties have cross-appealed.

Initially, we note that Supreme Court properly denied injunctive relief to plaintiff. Plaintiff's claim was based on a contention that two employees of DEC, on one occasion, fished at the invitation of the owner of the land in violation of plaintiff's easement. Although their fishing is admitted, it is at least doubtful that the fishing was on land subject to plaintiff's easement. The land was not posted and the fishing was done at the express invitation of the owner of the land on only one occasion. Thus, there is an insufficient basis for the grant of injunctive relief *(see, Buegler v Walsh,* 111 AD2d 206, *appeal dismissed* 65 NY2d 609).

In regard to the extent of plaintiff's easement, we believe that Supreme Court erred in improperly expanding it beyond

its intended scope. Plaintiff has authorized persons to construct permanent structures on the land subject to his easement. This authorization interferes with defendant's right of ownership. Our previous decision characterized plaintiff's easement as "incorporeal or nonpossessory in nature" *(Orange & Rockland Utils. v Philwold Estates, supra,* at 342). The non-possessory characterization of plaintiff's interest accords with the legal nature of the easement *(see, Matter of Sierra Club v Palisades Interstate Park Commn.,* 99 AD2d 548, 549, *lv denied* 63 NY2d 604) and does not give the holder of the easement a right to maintain or construct permanent structures *(Spring v Conklin,* 173 App Div 719, 720-721). However, Supreme Court's decision permitting plaintiff to erect signs to protect his exclusive rights was proper as reasonably appurtenant to the protection and enjoyment of the easement, despite the violation of the regulation regarding unique areas that resulted from the posting of the signs *(see,* 6 NYCRR 190.8 [i]).

Finally in our view, Supreme Court improperly limited defendant's access to the subject property. Real Property Law § 240 (3) provides, *inter alia,* that an instrument creating an interest in real property "must be construed according to the intent of the parties, so far as such intent can be gathered from the whole instrument, and is consistent with the rules of law". The deed here is silent as to defendant's rights with respect to activities other than that defendant shall "never fish, hunt or trap game" on the subject property. As the holder of an affirmative easement to hunt and fish, plaintiff has no right to prohibit general use or enjoyment of the property by defendant, the landowner *(see, Rahabi v Morrison,* 81 AD2d 434, 440). Burdened by an easement which is not from the wording of its grant an exclusive one, defendant has the right to use its land in any manner that does not unreasonably interfere with the rights of the owner of the easement *(see, Hurd v Lis,* 92 AD2d 653, 654, *appeal dismissed* 70 NY2d 872). Supreme Court's barring of defendant from all activities regarding its land constitutes an impermissible prohibition of the fee owner's right to use and enjoy its property. Granting plaintiff the broad right to bar defendant from virtually all uses of its land was, therefore, error.

Judgment modified, on the law, without costs, by reversing so much thereof as (1) permitted plaintiff to maintain and construct permanent structures, (2) restricted defendant's access to its land, and (3) exempted plaintiff from those provisions of 6 NYCRR part 190 which do not deal with the posting or erecting of signs pursuant to 6 NYCCR 190.8 (i), and, as so

modified, affirmed. Casey, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.