■ ANTHONY R. MARTONE et al., Respondents, v DAVID L. PRISLUPSKY et al., Appellants. [705 NYS2d 83] —Carpinello, J.

Appeal from an order of the Supreme Court (Coutant, J.), entered April 1, 1999 in Broome County, which, *inter alia*, denied defendants' motion for summary judgment dismissing the complaint.

The parties are neighbors who own adjoining real property on the south side of High Street in the Town of Kirkwood, Broome County. Defendants' property is encumbered by a 20-foot-wide easement or right-of-way in favor of plaintiffs which runs from High Street in a southerly direction along the boundary line with plaintiffs' property, past a garage located to the rear of plaintiffs' property. In September 1996, defendants erected a 6½-foot-high chain link fence parallel to the property line within the right-of-way. Although the fence does not interfere with plaintiffs' access to High Street from their garage, it is positioned as close as 18 inches to their house, blocking plaintiffs' access from their house to the right-of-way along its length.

Claiming that the fence unreasonably interferes with their use of the right-of-way, plaintiffs commenced this action for declaratory, injunctive and monetary relief. After issue was joined and discovery was conducted, the parties cross-moved for summary judgment. Supreme Court denied the motions and defendants appeal.

Asserting that the sole purpose of this right-of-way is to provide access from High Street to the garage on plaintiffs' property, defendants contend that they had the right to erect a fence within the right-of-way which does not interfere with that access. As a general rule, an easement of ingress and egress grants a right of passage to the easement holder not a right in a particularly defined passageway, and, therefore the servient owner may fence off the easement so long as the easement owner's right of passage is not impaired (*see, Lewis v Young*, 92 NY2d 443, 449-450). The easement in this case, however, is defined by a metes and bounds description, adjoins plaintiffs' property for its entire length and is not limited to a grant of ingress or egress to the garage only (*compare, Collins v Arancio*, 72 AD2d 759).

"Where, as here, the language of the grant contains no restrictions or qualifications and the purpose of the easement is to provide ingress and egress, any reasonable lawful use within the contemplation of the grant is permissible" (*Mohawk Paper Mills v Colaruotolo*, 256 AD2d 924, 925). The determination of the extent and nature of an easement must be made on the basis of the language of the grant, aided where necessary by any circumstances tending to manifest the intent of the par-

ties (*see, Hopper v Friery*, 260 AD2d 964). The inconclusive evidence of the circumstances surrounding the creation of the easement and the subsequent use thereof does not establish as a matter of law that the easement was intended solely as a conduit or passageway from High Street to the garage on plaintiffs' property or that access from any other point along the easement was prohibited. Accordingly, defendants failed to establish their entitlement to judgment as a matter of law on the issue of whether the fence unreasonably interferes with plaintiffs' use of the easement. Supreme Court correctly found that there were issues of fact precluding summary judgment in favor of either party and its order is, therefore, affirmed.

Cardona, P. J., Crew III, Spain and Graffeo, JJ., concur. Ordered that the order is affirmed, with costs.