■ AUBUCHON REALTY COMPANY, Respondent-Appellant, v GARRY L. COHEN, Appellant-Respondent. [742 NYS2d 421] —Mercure, J. Cross appeals from an order of the Supreme Court (Demarest, J.), entered February 22, 2001 in St. Lawrence County, which, in an action pursuant to RPAPL article 15, denied defendant's motion and plaintiff's cross motion for summary judgment.

In June 1987, plaintiff acquired a vacant parcel of land situated at 21 Miner Street in the Village of Canton, St. Lawrence County, from Smith-Barnett Inc. Plaintiff subsequently constructed a commercial structure on the property, which is devoted to retail sales. Plaintiff's property is bounded on the west by Miner Street and on the north by a parking lot, presently owned by defendant, that services patrons of a supermarket, drug store, laundromat and video store owned by defendant and other businesses adjoining the parking lot, which are not at issue here. Although the 1987 deed purported to grant plaintiff the right to use the parking area in exchange for plaintiff's agreement to pay a proportionate share of the cost of maintenance, it now appears that Smith-Barnett had no interest in the parking lot. Ultimately, plaintiff brought this action to establish its prescriptive easement over defendant's entire parking lot and for a permanent injunction restraining defendant from interfering with its use of that easement. After joinder of issue, defendant moved and plaintiff cross-moved for summary judgment. Supreme Court denied both parties' motions and they cross-appeal.

We agree with defendant that the evidence submitted on the motions established as a matter of law that plaintiff failed to acquire an easement by prescription and that Supreme Court therefore erred in denying defendant's summary judgment

motion. Supreme Court's order shall be modified to that extent. Fundamentally, in order to establish a prescriptive easement over defendant's property, the burden was on plaintiff to show by clear and convincing evidence its adverse, open and notorious and continued and uninterrupted use of the parking lot for the 10-year prescriptive period (*see*, RPAPL 311; *Miller v Rau*, 193 AD2d 868, 868-869). In our view, the parties' evidentiary submissions on the summary judgment motions established plaintiff's inability to make a prima facie showing with respect to any of the required elements.

First, plaintiff failed to make a competent showing of its continuous use of the parking lot for a period of 10 years. Significantly, plaintiff's retail hardware store did not open for business until March 1989, slightly less than 10 years prior to the commencement of this action, and it is undisputed that the store was closed to the public from September 5, 1992 through June 17, 1993. In our view, the conclusory statement of plaintiff's vice president, Gregory Moran, that the parking lot was also used by employees who were setting up the retail store and selling products to the public as early as January 1989 is lacking in probative value. At all relevant times, Moran's place of business was plaintiff's corporate headquarters in Massachusetts and he acknowledges his lack of any firsthand knowledge concerning plaintiff's claim against defendant. For the same reason, the record is lacking in competent evidence to support a finding that any of plaintiff's employees, suppliers, contractors, clients or customers ever used the parking lot, much less "continuously" used it, as is claimed. Under the circumstances, we are unpersuaded by plaintiff's effort to distinguish its own use of the property from that of its tenants.

Second, the required element of adverse or hostile use is entirely absent. According to plaintiff, from the date of its purchase of the property through the spring of 1997, it paid its proportionate share of common area maintenance charges first to Smith-Barnett, then to 5-9 Miner Corporation, which was the actual owner of the parking lot, and then, following the transfer of title from 5-9 Miner Corporation, to defendant. In addition, to the extent that plaintiff's patrons, employees or tenants may have used the parking lot, their use was by no means exclusive. Rather, any use they may have made of the parking lot was in common with and indistinguishable from that of the general public (*see*, *Rivermere Apts. v Stoneleigh Parkway*, 275 AD2d 701, 702). We are also unpersuaded by plaintiff's generalized claim that it installed signs limiting the

use of an unspecified portion of the parking lot to customers of the hardware store. Notably, no indication is made as to when or where the signs were installed, and a showing of some claim of exclusive right to use a portion of the parking lot would not in any event entitle plaintiff to the relief sought in this action.

Based on plaintiff's failure to oppose defendant's prima facie evidentiary showing with competent evidence raising a material question of fact, we conclude that Supreme Court should have awarded defendant summary judgment and dismissed the complaint (*see*, *Zuckerman v City of New York*, 49 NY2d 557, 562). Plaintiff's remaining contentions have been considered and found to be unavailing.

Cardona, P.J., Carpinello, Mugglin and Rose, JJ., concur. Ordered that the order is modified, on the law, with costs to defendant, by reversing so much thereof as denied defendant's motion; motion granted, summary judgment awarded to defendant and complaint dismissed; and, as so modified, affirmed.