■ JOSEPH BERETZ, JR., et al., Appellants, v LISA A. DIEHL, as Executor of MICHAEL STRYKIEWICZ, Deceased, Respondent. [755 NYS2d 122] —Spain, J. Appeals (1) from an order of the Supreme Court (Lamont, J.), entered October 18, 2000 in Schoharie County, which, inter alia, denied plaintiffs' cross motion for summary judgment, and (2) from a judgment of said court (Hughes, J.H.O.), entered April 27, 2001 in Schoharie County, upon a decision of the court in favor of Michael Strykiewicz.

Plaintiffs are the owners of a land-locked parcel of real property containing approximately 73 acres located in the Town of Middleburgh, Schoharie County, which abuts an 88-acre parcel owned by Michael Strykiewicz (hereinafter defendant).[1] Plaintiffs acquired their property in 1998 from their father, Joseph Beretz, Sr. (hereinafter Beretz), who took title in 1969. These contiguous parcels were first created in 1862 when Perlee Barton subdivided a single parcel, selling the northern half—the property now owned by plaintiffs (hereinafter the northern parcel)—and retaining the southern parcel to which defendant ultimately took title (hereinafter the southern parcel). The northern parcel does not contain any frontage on a public road or any easements of record for ingress and egress. Instead, plaintiffs (and Beretz before them) accessed the northern parcel for logging and recreational use from the south by using a dirt roadway (hereinafter the roadway) which runs from Huntersland Road over the southern parcel and on through the northern parcel.

With plans to market the northern parcel for sale, plaintiffs commenced this action seeking a declaration that an easement exists over the roadway in their favor either by prescription or

---

1. Subsequent to the entry of judgment in this matter, Strykiewicz died and the executor of his estate was substituted as the named defendant. For purposes of this decision, however, we will continue to refer to Strykiewicz as the named defendant.

by implication. Defendant moved for summary judgment and plaintiffs cross-moved for summary judgment. Supreme Court (Lamont, J.) denied both motions on the basis that material triable issues of fact remained in dispute. Following a bench trial, Supreme Court (Hughes, J.H.O.) dismissed the complaint, determining that plaintiffs had failed to establish an easement over the roadway on either of the two theories advanced at trial. Plaintiffs appeal from both the order denying their cross motion for summary judgment and the judgment dismissing their complaint.[2]

We agree with Supreme Court's resolution of the issues presented and, therefore, affirm its judgment. Testimony at trial established that when Beretz purchased the northern parcel in 1969, the roadway was impassible and he accessed it on foot for hunting. In 1980, Beretz improved the roadway by clearing saplings and bulldozing. Thereafter, he and plaintiffs after him used the roadway to log the property every 12 to 15 years and, on occasion, to collect firewood or go four-wheeling. Through the testimony of a licensed surveyor, plaintiffs also introduced evidence which supported the conclusion that the roadway existed prior to Beretz taking title. Specifically, the surveyor testified that a stone wall running along the roadway on one side and a barbed wire fence—which trees had grown around—on the other side indicated that the roadway had been in existence for some time. In addition, the surveyor stated that an 1836 survey of the relevant area contained two dotted lines, which could indicate a road or pathway running north/south over the southern parcel in the same manner as the roadway. Finally, plaintiffs introduced evidence to show that the contours of the northern and southern parcels made the roadway the only feasible access to the northern parcel.

Turning first to the cause of action for easement by prescription, it was plaintiffs' burden to demonstrate "by clear and convincing evidence that their use of the roadway on the property at issue was for the benefit of their property and was adverse, open and notorious, continuous and uninterrupted for the [10-year] prescriptive period" (*Van Deusen v McManus*, 202 AD2d 731, 732; *see* RPAPL 311; *Aubuchon Realty Co. v Cohen*, 294 AD2d 738, 739). Fatal to plaintiffs' claim is the principle that proof of permissive use will negate the adverse or hostile

---

2. Since "the right to take a direct appeal from an intermediate order terminates upon the entry of a final judgment," plaintiffs' appeal from the order denying their cross motion for summary judgment must be dismissed (*Dolan v Jaeger*, 285 AD2d 844, 846 n 2; *see Gushlaw v Roll*, 290 AD2d 667, 668 n 1).

element of the test and defeat the creation of an easement by prescription (*see Albright v Beesimer*, 288 AD2d 577, 579). Here, defendant testified that he gave plaintiffs and Beretz permission to use the roadway for access several times, including in 1980 when Beretz approached him requesting permission to create a road over the southern parcel to access the northern parcel for logging, and defendant consented. Defendant further stated that between 1980 and 1997—when Beretz (assisted by plaintiffs) next logged the property—the road became overgrown and washed out and he again gave them permission to use the road before they reopened it in 1997. These assertions were not directly refuted at trial. In addition, evidence exists that prior to asserting an easement as of right, plaintiffs made an offer to purchase an easement over the southern parcel (*see id.* at 579; *Posnick v Herd*, 241 AD2d 783, 785). In light of the uncontroverted record evidence of permissive use, we agree with Supreme Court's finding that plaintiffs failed to prove by clear and convincing evidence that they acquired an easement by prescription (*see Palma v Mastroianni*, 276 AD2d 894, 895; *McNeill v Shutts*, 258 AD2d 695, 696-697; *cf. Gorman v Hess*, 301 AD2d 683).

We also agree with Supreme Court's determination that plaintiffs failed to sustain their burden of proving their entitlement to an implied easement based upon preexisting use of ingress and egress over the southern parcel. "Implied easements are not favored in the law and the burden of proof rests with the party asserting the existence of facts necessary to create an easement by implication to prove such entitlement by clear and convincing evidence" (*Abbott v Herring*, 97 AD2d 870, 870, *affd* 62 NY2d 1028 [citation omitted]). "In order to establish an easement by implication from pre-existing use upon severance of title, three elements must be present: (1) unity and subsequent separation of title, (2) the claimed easement must have, prior to separation, been so long continued and obvious or manifest as to show that it was meant to be permanent, and (3) the use must be necessary for the beneficial enjoyment of the land retained" (*id.* at 870 [citations omitted]; *see U.S. Cablevision Corp. v Theodoreu*, 192 AD2d 835, 838). Supreme Court correctly concluded that plaintiffs failed to establish the second prong of the test. The only record evidence that the roadway in question existed prior to the separation of title of the parcels in 1862 is a dotted line on a survey map dated 1836. We find that this proof is patently insufficient to establish by clear and convincing evidence that, prior to 1862, use of the roadway was so continued and obvious or manifest as to show that it was meant to be permanent (*see Pickett v*

*Whipple*, 216 AD2d 833, 835; *U.S. Cablevision Corp. v Theodoreu, supra* at 838).[3] Accordingly, the complaint was properly dismissed.

Cardona, P.J., Mercure, Carpinello and Kane, JJ., concur. Ordered that the appeal from the order is dismissed. Ordered that the judgment is affirmed, with costs.

---

**3.** We render no determination regarding whether the facts presented herein would support an implied easement by necessity as opposed to—as advanced here and at trial—an easement by implication from preexisting use (*see Stock v Ostrander*, 233 AD2d 816, 817-818; *Minogue v Monette*, 158 AD2d 843, 844).