Appeal from an order of the Supreme Court (Demarest, J.), entered June 20, 2002 in Franklin County, which, inter alia, denied plaintiffs motion for summary judgment.
Plaintiff, as trustee of a revocable living trust, owns a parcel of real property in the Town of Altamont, Franklin County, which abuts a parcel of property formerly owned by defendants (hereinafter the Crouse parcel).* It is undisputed that, as of the commencement of this action, a portion of plaintiffs property had been used since 1960 by the occupants of the Crouse parcel as a means of ingress and egress to the Crouse parcel. Plaintiff commenced this action to extinguish any alleged right that defendants may claim over plaintiffs property by virtue of this *779 use. Defendants answered and asserted, as an affirmative defense and counterclaim, that they have obtained a prescriptive easement over plaintiff’s property. Plaintiff moved, and defendants cross-moved, for summary judgment. Supreme Court denied both motions and plaintiff appeals.
We agree with Supreme Court’s conclusion that material issues of fact remain in dispute and, therefore, affirm. Plaintiff asserts that defendants’ admitted knowledge of plaintiffs title ownership of the driveway negates the adverse or hostile element required to establish a prescriptive easement (see Aubuchon Realty Co. v Cohen, 294 AD2d 738, 739 [2002]). We disagree. “ ‘[I]t is the visible and adverse possession, with an intention to possess, that constitutes its adverse character, and not the remote views or belief of the possessor’ ” (Birkholz v Wells, 272 AD2d 665, 666 [2000], quoting French v Pearce, 8 Conn 439, 443 [1831]; see Fatone v Vona, 287 AD2d 854, 856-857 [2001]). Proof of permissive use, on the other hand, “will negate the adverse or hostile element of the test and defeat the creation of an easement by prescription” (Beretz v Diehl, 302 AD2d 808, 809-810 [2003]). In plaintiffs evidentiary submissions, she asserts that she gave defendants permission to use the driveway in 1977, with the understanding that permission could be revoked at any time. Defendants’ papers claim use of the driveway without plaintiffs permission since 1985, raising a material question of fact with respect to whether plaintiff gave permission to defendants to use the driveway and, if so, when permission ceased.
To the extent that plaintiff also asserts that her motion should have been granted because defendants’ use of the property was not exclusive—citing her own use of the driveway and that of emergency vehicles—we note that exclusivity is not necessary to establish an easement by prescription (see Gorman v Hess, 301 AD2d 683, 685 [2003]; Aubuchon Realty Co. v Cohen, supra at 739).
Crew III, J.P, Carpinello, Rose and Kane, JJ., concur. Ordered that the order is affirmed, without costs.

 Defendants transferred the property to Bruce Greik by deed dated January 25, 2001. Greik is on notice of this litigation, but has not been substituted or joined as a party. Nevertheless, because the action may proceed against the original defendants even after the transfer of their interest (see CPLR 1018), we will resolve the instant appeal.