■ LORI GRAVELLE, Appellant, v NELSON G. DUNSTER et al., Respondents. [768 NYS2d 240]—

Crew III, J.P. Appeals (1) from an order of the Supreme Court (Moynihan, Jr., J.), entered November 22, 2002 in Washington County, which, inter alia, granted defendants' motion for summary judgment dismissing the complaint, and (2) from the judgment entered thereon.

Plaintiff is the owner of a parcel of real property situate on

Dayton Hill Road in the Town of Granville, Washington County. Defendants own real property which abuts plaintiff's property to the east. Plaintiff's driveway is located on the eastern side of her property and extends approximately six feet onto defendants' property. She has used the driveway to access her home since 1993 when she acquired the property from Kathleen Bennett. The record further reveals that Bennett had likewise used the driveway for access to Dayton Hill Road, including defendants' six-foot strip of land, since 1988.

Plaintiff commenced this proceeding pursuant to RPAPL article 15 seeking a declaration that she has a prescriptive easement over defendants' six-foot strip of land which comprises a portion of her driveway. Following joinder of issue, defendants moved for summary judgment dismissing the complaint and plaintiff cross-moved for summary judgment. Supreme Court granted defendants' motion and denied plaintiff's cross motion prompting this appeal from the order and judgment entered thereon.

It is axiomatic that for plaintiff to establish a prescriptive easement, she must demonstrate by clear and convincing evidence that her use of defendants' property was for her benefit and was adverse, open, notorious, continuous and uninterrupted for 10 years (*see e.g. Beretz v Diehl*, 302 AD2d 808, 809 [2003]). Moreover, in order to meet the requirements of the prescriptive period, use by plaintiff's predecessor in title may be considered so long as there is, as here, an unbroken chain of privity between the two (*see Rose Val. Joint Venture v Apollo Plaza Assoc.*, 178 AD2d 695, 696-697 [1991]). Once plaintiff has established the elements of open, notorious, continuous and uninterrupted use for a 10-year period, a presumption arises that such use was hostile, thereby shifting the burden to defendants to demonstrate that such use was permissive (*see Gorman v Hess*, 301 AD2d 683, 685 [2003]).

Here, the record makes plain that Bennett, plaintiff's predecessor in title, began use of the six-foot strip of defendants' property sometime in the mid-1980s and, clearly, no later than 1988. Bennett put blacktop on defendants' strip of land, plowed the driveway and used the same to access Dayton Hill Road continuously until she conveyed the property to plaintiff. Plaintiff thereafter continued such use, including plowing of the driveway in the winter and maintaining the same with fill and grading during the summer months. As such, plaintiff has established a continuing open and notorious use of defendants' property for the necessary 10 years, shifting the burden to defendants to demonstrate that her use was permissive. This

they have failed to do. Indeed, defendants concede that they never gave permission to either Bennett or plaintiff to use their property and, in fact, served a trespass notice on plaintiff in 2001. Accordingly, plaintiff established her entitlement to a prescriptive easement and should have been granted judgment in that regard.

Mugglin, Rose, Lahtinen and Kane, JJ., concur. Ordered that the order and judgment are reversed, on the law, with costs, defendants' motion denied and plaintiff's cross motion granted to the extent that plaintiff is declared to have obtained a prescriptive easement to the use and enjoyment of the six-foot portion of her driveway that encroaches upon the lands owned by defendants and defendants are enjoined from interfering with plaintiff's use and enjoyment of her driveway, including the six-foot portion thereof which encroaches upon the lands owned by defendants.