■ W. Park Allen et al., Appellants, v Joseph E. Mastrianni et al., Respondents. [768 NYS2d 523]—

Carpinello, J. Appeal from an order of the Supreme Court (Moynihan, Jr., J.), entered January 28, 2003 in Warren County, which, inter alia, granted defendants' motion for partial summary judgment.

The parties to this real property dispute own adjoining properties on the shore of Lake George in the Town of Bolton, Warren County, in an area known as "Jacobi Point." Historically, plaintiffs and their predecessors-in-title accessed their property via a deeded right-of-way over defendants' property. In addition, plaintiffs allegedly used a "rear access way," also over defendants' property, to reach an otherwise inaccessible portion of their land. After purchasing their parcel in 1997, defendants built a house and installed a septic system that blocked the rear access to plaintiffs' property. Defendants also planted trees and placed a large boulder in a manner that narrowed the deeded right-of-way. Plaintiffs thereafter commenced this action claiming, among other things, prescriptive easements to use the deeded right-of-way at its former width and the "rear access way." As is relevant here, defendants moved for partial summary judgment on plaintiffs' prescriptive easement causes of ac-

tion, contending that plaintiffs' use had been permissive rather than hostile. Supreme Court granted defendants' motion and dismissed those causes of action that were premised upon prescriptive easements. Plaintiffs appeal.

In order to establish a prescriptive easement, a plaintiff must prove, by clear and convincing evidence, that the use of the servient property was open, notorious, continuous, hostile and under a claim of right for the requisite 10-year period (*see Beretz v Diehl*, 302 AD2d 808, 809 [2003]; *Aubuchon Realty Co. v Cohen*, 294 AD2d 738, 739 [2002]; *Gordon v Thomas*, 177 AD2d 909, 909 [1991]; *see also* RPAPL 311). Proof that use of a property was open, notorious, continuous and undisputed generally gives rise to a presumption that the use was hostile and under a claim of right, shifting the burden of proof to the servient property owner to show that the use was permissive (*see Wechsler v New York State Dept. of Envtl. Conservation*, 193 AD2d 856, 859 [1993], *lv denied* 82 NY2d 656 [1993]; *Bova v Vinciguerra*, 184 AD2d 934, 934 [1992]). However, permission can be inferred where, as here, the relationship between the parties is one of neighborly cooperation and accommodation and, in such case, the presumption of hostility does not arise (*see McNeill v Shutts*, 258 AD2d 695, 696 [1999]; *Van Deusen v McManus*, 202 AD2d 731, 733 [1994]). In fact, "[w]here permission can be implied from the beginning, no adverse use may arise until the owner of the servient tenement is made aware of the assertion of a hostile right" (*Susquehanna Realty Corp. v Barth*, 108 AD2d 909, 910 [1985]; *see Van Deusen v McManus, supra* at 733; *Wechsler v New York State Dept. of Envtl. Conservation, supra* at 860; *Jansen v Sawling*, 37 AD2d 635, 636 [1971]).

In support of their motion, defendants point to the deposition testimony of plaintiff W. Park Allen, which described a history of cooperation and accommodation among the property owners on Jacobi Point dating back to a common grantor, Abraham Jacobi. Indeed, according to Allen himself, "[i]t's pretty much been understood throughout all the families [on Jacobi Point] since Dr. Jacobi came in in 1892 that everyone had free range." Allen also testified that, "[b]ecause of the way the thing is laid out, [the neighbors] have to cross each other's land." Under these circumstances, permission to use defendants' land is implied and, thus, plaintiffs' adverse use could not arise until their hostile claim was made known to defendants or their predecessors-in-title. In the absence of any evidence that plaintiffs' use of defendants' property was hostile and under a claim of right, the prescriptive easement causes of action were properly dismissed.

Cardona, P.J., Peters and Kane, JJ., concur. Ordered that the order is affirmed, with costs.