■ BENJAMIN I. WECHSLER et al., Appellants, v PEOPLE OF THE STATE OF NEW YORK, by COMMISSIONER OF ENVIRONMENTAL CONSERVATION OF THE STATE OF NEW YORK, Respondent. [787 NYS2d 433]—

Spain, J. Appeal from an order of the Supreme Court (Clemente, J.), entered July 7, 2003 in Sullivan County, which, inter alia, granted defendant's cross motion for summary judgment dismissing the complaint.

Plaintiff Benjamin I. Wechsler is the owner of approximately 2,325 acres of land located in the Neversink gorge area in Sullivan County (hereinafter the Wechsler tract), which he acquired by deed in 1968 from Philwold Estates, Inc. (hereinafter Philwold) as part of a retirement distribution. Philwold retained ownership of a contiguous tract to the southwest of the Wechsler tract (hereinafter the southerly tract), but in that 1968 deed it also granted Wechsler circumscribed easements for ingress and egress over certain roads and paths existing on the southerly tract; this grant provided for Wechsler's limited access to and limited use of the southerly tract's Eden Brook, which runs east to the Neversink River. Wechsler later conveyed rights-of-way or

interests in the Wechsler tract to the other plaintiffs named herein. Defendant acquired the southerly tract in 1991 subject to the easements contained in the 1968 deed and, in 2001, defendant acquired another tract (hereinafter the Leonard tract) which is south of and contiguous to the southerly tract. The history of the conveyances of these tracts, as well as the parties' prior struggles related to the 1968 deed, among others, have been detailed previously.[1]

The current dispute stems from defendant's erection of a gate on the southwest side of the Leonard tract which blocks ultimate access over Eden Road, an approximately 3.2-mile north-south trail traversing the southerly tract below Eden Brook and through the Leonard tract to Oakland Valley. Plaintiffs contended that they had a deeded right to traverse Eden Road over the southerly tract and a prescriptive right to Eden Road over the Leonard tract, enabling their access to Oakland Valley.

Plaintiffs commenced this action pursuant to RPAPL article 15, seeking declarations (1) that the 1968 deed conveyed an express easement over the southerly tract to use Eden Road south to the Leonard tract, and (2) that plaintiffs have a prescriptive easement over that portion of Eden Road which runs through the Leonard tract from the southerly tract south to Oakland Valley. Upon the parties' cross motions, Supreme Court found that the claimed easements did not exist, denied plaintiffs' motion and granted defendant's cross motion for summary judgement dismissing the complaint. On plaintiffs' appeal, we affirm.

As an initial matter, we discern no error or unfairness in Supreme Court's determination to entertain defendant's cross motion despite the absence of the required "notice of cross-motion" (CPLR 2215). That cross motion provided actual notice to plaintiffs that defendant was seeking summary judgment in its favor pursuant to CPLR 3212 (b) and plaintiffs responded to that cross motion (*see Fox Wander W. Neighborhood Assn. v Luther Forest Community Assn.*, 178 AD2d 871, 872 [1991]; *cf. Guggenheim v Guggenheim*, 109 AD2d 1012, 1012-1013 [1985]).

Addressing the merits, we agree with Supreme Court's conclusion that the language of the 1968 deed does not support plaintiffs' claim that the deed granted them an easement to use

---

**1.** (*See Wechsler v New York State Dept. of Envtl. Conservation*, 193 AD2d 856 [1993], *lv denied* 82 NY2d 656 [1993]; *Matter of Wechsler v New York State Dept. of Envtl. Conservation*, 153 AD2d 300 [1990], *affd* 76 NY2d 923 [1990]; *Wechsler v People*, 147 AD2d 755 [1989], *lv denied* 74 NY2d 610 [1989]; *see also Orange & Rockland Util. v Philwold Estates*, 70 AD2d 338 [1979], *mod* 52 NY2d 253 [1981].)

Eden Road as it runs south from Eden Brook through the southerly tract. "The extent and nature of an easement must be determined by the language contained in the grant, aided where necessary by any circumstances tending to manifest the intent of the parties" (*Hopper v Friery*, 260 AD2d 964, 966 [1999] [citations omitted]; *see Higgins v Douglas*, 304 AD2d 1051, 1054-1055 [2003]; *Albrechta v Broome County Indus. Dev. Agency*, 274 AD2d 651, 651-652 [2000]). Here, the deed language granting the easement and rights at issue was not stated in general terms but, rather, was specific and unambiguously limited in scope and, as such, is controlling (*see Higgins v Douglas, supra* at 1055; *see also O'Malley v Hill & Dale Prop. Owners*, 299 AD2d 400, 402 [2002]; *Martone v Prislupsky*, 269 AD2d 673, 674 [2000]; *Wechsler v New York State Dept. of Envtl. Conservation*, 193 AD2d 856, 859 [1993], *lv denied* 82 NY2d 656 [1993]).

A plain reading of the relevant deed paragraphs establishes that plaintiff was granted a right-of-way or easement for access to Eden Brook, with rights to ingress and egress over, and use of existing roads and paths on the retained southerly tract, but only "in th[e] vicinity" of where Hatchery Road (also known as Eden Brook Road) crosses Eden Brook via a bridge (hereinafter the Eden Brook bridge), and clearly limits the access and uses south of the Eden Brook bridge to a specified 100-foot rectangular strip area *east* of the Eden Brook bridge which strip runs along the southerly side of Eden Brook to the river. Even construing the terms of the grant most strongly against the grantor in ascertaining the extent of the easement, as required (*see Seide v Glickman*, 295 AD2d 494, 495 [2002]), under no interpretation of the deed language can it be read as including within its scope an easement over Eden Road south all the way to the Leonard tract, an area which is not in the vicinity of either the Eden Brook bridge or the 100-foot strip and which is not mentioned in the conveyance.[2]

Even were we to find it necessary to aid our analysis with an examination of the circumstances reflecting the parties' intent

---

2. We reject plaintiffs' claims that this Court's prior interpretation of language in the 1968 deed resulted in an incorrect determination (*see Wechsler v New York State Dept. of Envtl. Conservation*, 193 AD2d at 858 [1993], *supra*). That appeal involved plaintiffs' claim to an easement over a footbridge which crosses the Neversink River, the west side of which bridge was situated on the southerly tract. While it appears the decision misinterpreted certain language in the easement—defining the 600-foot limitation as applying to the scope of the easement rather than as defining the grantees—the holding, including that Wechsler was not granted an easement over the footbridge in the 1968 deed, was entirely correct and consistent with the decision herein.

(*see Hopper v Friery, supra* at 966; *Phillips v Jacobsen*, 117 AD2d 785, 786 [1986]), we would adhere to our previous determination that "the purpose of the deeded rights of way was to facilitate exercise of Philwold's grant to [Wechsler] of fishing rights in that portion of Eden Brook which lay between the Eden Brook bridge and the Neversink [River]" (*Wechsler v New York State Dept. of Envtl. Conservation*, 193 AD2d at 859 [1993], *supra*). An easement over Eden Road across the southerly tract is outside the scope of, and not necessary to achieve, that purpose, further supporting the interpretation of the deed language as not including the claimed easement. Thus, the language of the 1968 deed itself resolves and refutes plaintiffs' claim to an express deeded easement to use Eden Road over the southerly tract, entitling defendant to summary judgment on that claim (*see id.*).

Next, defendant is correct that the evidence submitted on the parties' cross motions established as a matter of law that plaintiffs failed to acquire an easement by prescription to use Eden Road over either the southerly tract or the Leonard tract and, thus, Supreme Court properly awarded defendant summary judgment dismissing the complaint (*see Aubuchon Realty Co. v Cohen*, 294 AD2d 738, 738-739 [2002]). To establish a prescriptive easement over defendant's property, plaintiffs bore the burden of proving, by clear and convincing evidence, their open, hostile and continuous use of defendant's land for the prescriptive period (*see Allen v Mastrianni*, 2 AD3d 1023, 1024 [2003]; *Gravelle v Dunster*, 2 AD3d 964, 965 [2003]; *McNeill v Shutts*, 258 AD2d 695, 696 [1999]). Plaintiffs' complaint contains no specific prescriptive period, merely alleging use for "over sixty (60) years." With regard to plaintiffs' claims to a prescriptive easement over the *southerly* tract, that claim was not raised in their complaint and, in any event, Wechsler's affidavit—where the issue was first raised—concedes that the use of the southerly tract was permissive in that he and Philwold "allowed" others access, which "negate[s] the adverse or hostile element of the test and defeat[s] the creation of an easement by prescription" (*Beretz v Diehl*, 302 AD2d 808, 809-810 [2003]; *see Harrington v Estate of Crouse*, 1 AD3d 778, 779 [2003]).

Turning to plaintiffs' claim for a prescriptive easement over the Leonard tract, it would appear as if its purpose of allowing access from the Wechsler tract to Oakland Valley cannot be achieved in view of the absence of any easement over the southerly tract. In any event, plaintiffs failed to make a prima facie showing or to oppose defendant's showing with competent evidence so as to raise a material issue of fact (*see Zuckerman v*

*City of New York*, 49 NY2d 557, 562 [1980]; *Aubuchon Realty Co. v Cohen, supra* at 738-740). Plaintiffs' sole evidentiary submission was an affidavit by Wechsler containing conclusory, generalized and unsubstantiated statements about the use of Eden Road over the Leonard tract by various people, named and unnamed, over different periods between 1939 and 2002, without any indication of personal knowledge, as Supreme Court accurately noted. Wechsler's affidavit otherwise contains inconsistent or conclusory allegations regarding his personal knowledge and personal use of the Leonard tract which were insufficient to establish open, notorious and continuous use for the prescriptive period so as to trigger the presumption of hostility and shift to defendant the burden of coming forward with evidence that the claimed use was permissive or by license (*see Allen v Mastrianni, supra* at 1024; *cf. Gravelle v Dunster, supra* at 965). Moreover, plaintiffs failed to oppose defendant's evidentiary showing demonstrating plaintiffs' inability to make a prima facie showing with competent evidence raising a material, triable question on this claim, entitling defendant to summary judgment dismissing the complaint in its entirety (*see Zuckerman v City of New York, supra*; *Aubuchon Realty Co. v Cohen, supra*).

Cardona, P.J., Crew III, Peters and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.