CANDACE K. WEIR et al., Appellants, v PETER E. GIBBS et al., Respondents. [849 NYS2d 97]—

Peters, J. Appeal from an order of the Supreme Court (Dawson, J.), entered September 18, 2006 in Essex County, upon a decision of the court in favor of defendants.

In 1978, plaintiff Candace K. Weir (hereinafter plaintiff) and her husband, David A. Weir Jr.,[1] acquired certain real property in the Town of Westport, Essex County, which is abutted by Lake Champlain to the east and is situated to the south of

---

1. David A. Weir Jr., a plaintiff in this action, died after the commencement of this action and before Supreme Court issued its order. As the 1981 deed lists plaintiff as the grantee, which parcel was subsequently transferred in 1996 to plaintiff The Stables, LLC, and this claim for a prescriptive easement rests primarily on conduct motivated by and following the 1981 acquisition of land, we amend the caption, on our own motion, to omit David A. Weir

defendants' property. Several private roads provided access to this and other parcels of land from the public roads. One such private road is Drive C, which crossed defendants' property in a north-south direction. In 1981, plaintiff obtained additional property that adjoined defendants' parcel to the north and, in 1987, a third parcel was acquired which abutted the second parcel's northern boundary. In 1999, plaintiffs commenced the instant action, pursuant to RPAPL article 15, seeking a declaration, as here relevant, that they acquired a prescriptive easement over defendants' property to use Drive C.[2] Following a nonjury trial, Supreme Court dismissed the complaint, prompting plaintiffs' appeal.[3]

To prevail on a claim for a prescriptive easement, plaintiffs must "demonstrate by clear and convincing evidence that [their] use of defendants' property was for [their] benefit and was adverse, open, notorious, continuous and uninterrupted for 10 years" (*Gravelle v Dunster*, 2 AD3d 964, 965 [2003]). Once these elements are established, a presumption of hostility arises, thereby shifting the burden to defendants to show that the use was permissive (*see Wechsler v People*, 13 AD3d 941, 944 [2004]; *Gravelle v Dunster*, 2 AD3d at 965); permissive use will be inferred where the relationship of the parties evinced neighborly cooperation (*see Allen v Mastrianni*, 2 AD3d 1023, 1024 [2003]). Even if the property is only used seasonally, it will not be fatal so long as the use was continuous and uninterrupted, "commensurate with appropriate seasonal use" (*Alexy v Salvador*, 217 AD2d 877, 879 [1995]).

Here, testimony indicated that plaintiff first used Drive C shortly after purchasing the first parcel of property and that subsequent to the 1981 purchase, she, her family and guests, the property's caretaker and the renters of her cottages would traverse Drive C, without ever asking defendants' permission, to reach a storage shed and a swimming cove located on their second parcel to the north of defendants' land. Yet, plaintiffs' testimony was vague and speculative with respect to the dates and times of said use. Moreover, given the congenial relationship between the parties in the early to mid-1980s, permission to use Drive C must be inferred until at least 1985 when

as a party (*see Bova v Vinciguerra*, 139 AD2d 797, 799 [1988]; *see also* CPLR 1015 [b]; 1021).

2. Supreme Court dismissed plaintiffs' other causes of action at the close of their case, prompting defendants to withdraw their counterclaims.

3. Plaintiffs, owning approximately 21 acres surrounding defendants' one-acre lot, were previously before this Court challenging an area variance granted to defendants to construct a garage (*Matter of Weir v Zoning Bd. of Appeals of Town of Westport*, 263 AD2d 752 [1999]).

defendants, through their attorney, requested that plaintiffs, their family and guests refrain from using Drive C. Testimony further established that defendants then took successive steps to impede both vehicular and pedestrian traffic across Drive C, from a chain across the road to a pole across the path. Defendants finally found it necessary, in 1986, to erect a split rail fence. This testimony was buttressed by testimony proffered by plaintiffs, describing the frustration of their caretaker, in 1989, in being prevented from using Drive C. It resulted in his construction of a pathway on one of plaintiffs' adjoining parcels to connect with the other internal roads to avoid Drive C.

Given the deference accorded to Supreme Court's findings (*see Mobile Motivations, Inc. v Lenches*, 26 AD3d 568, 570 [2006]), and plaintiffs' failure to appropriately detail their actual use of Drive C during the relevant seasonal time periods, we find that with testimony confirming defendants' successive erection of obstacles to Drive C (*see Bouton v Williams*, 42 AD3d 795, 796 [2007]; *Palma v Mastroianni*, 276 AD2d 894, 895 [2000]), Supreme Court properly concluded that plaintiffs failed to sustain their burden to establish a prescriptive easement.

Mercure, J.P., Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, with costs.