In the Matter of VERONICA PAYNE FOSTER et al., Respondents, v TOWN BOARD OF BETHEL et al., Respondents, and JESHAYAHU BOYMELGREEN, as Trustee of the JESHAYAHU BOYMELGREEN RESIDENTIAL TRUST, et al., Appellants. [977 NYS2d 121]—

Spain, J. Appeal from an amended judgment of the Supreme Court (Meddaugh, J.), entered June 13, 2012 in Sullivan County, which, in a combined proceeding pursuant to CPLR article 78 and action pursuant to RPAPL article 15, among other things, granted petitioners' motion for summary judgment declaring

the rights of certain respondents with regard to a deeded easement.

This property dispute revolves around adjacent properties on a peninsula jutting into White Lake in the Town of Bethel, Sullivan County that is accessible from the public highway by a road known as Lake Shore Drive. As it is presently constituted, Lake Shore Drive follows the shoreline in a subdivision on the southern portion of the peninsula known as the Beechwood Community Club and terminates at its intersection with Hemlock Road near the northerly boundary of Beechwood. Travelers then proceed briefly on Hemlock Road and turn northward onto Plum Beach Road, which ends in a separate development known as Plum Beach. Beechwood was sold to Thomas Leonard and Louise Leonard in 1922 and, in that deed, the grantor reserved to herself and others a right-of-way over "the road . . . along the shore of White Lake."

The Leonards subdivided the Beechwood property in 1935 and created a buffer zone—denominated by a five-foot right-of-way on the subdivision plat—that ran along the entire boundary with Plum Beach except for Lake Shore Drive. John Ernhout purchased Plum Beach two years later. Ernhout further acquired, from the Leonards, Beechwood lots 151 and 152, which are adjacent to Lake Shore Drive and the Beechwood boundary line with Plum Beach; the deed also included the buffer zone contiguous to those lots. The latter deed referenced the right of Ernhout and future owners of Plum Beach to travel "to and from the [public highway] and the [Plum Beach] property, over and upon the roads and driveways extending from the" public highway, then "over and across the" Beechwood subdivision. Ernhout then caused Plum Beach Road to run across lots 151 and 152, and to connect to Lake Shore Drive via Hemlock Road.

Ernhout's interests, to the extent that they had not already been sold to individual homeowners, are now owned by respondents Jeshayahu Boymelgreen and Sarah Boymelgreen, as trustees of the Jeshayahu Boymelgreen Residential Trust and Sarah Boymelgreen Residential Trust, respectively. Jeshayahu Boymelgreen, in his individual capacity, also owns two other Beechwood lots lying along the northerly line of Beechwood that are adjacent to a paper street that also abuts the buffer zone separating Beechwood from Plum Beach. Respondent Boymelgreen Developers sought to subdivide the undeveloped portions of Plum Beach and, in so doing, asserted that they were entitled to use roads in the Beechwood subdivision—including the paper streets—to cross the buffer zone and access

Plum Beach based upon the language in the 1937 deed by which Ernhout acquired Beechwood lots 151 and 152. Various governmental determinations furthered the project, culminating in a decision by respondent Planning Board of the Town of Bethel that gave preliminary approval to the proposed subdivision. Petitioners responded by commencing this combined CPLR article 78 proceeding and RPAPL article 15 action, seeking to annul the governmental determinations, as well as a declaration that Boymelgreen Developers and the Boymelgreens (hereinafter collectively referred to as respondents) could not cross the buffer zone to access Plum Beach and were limited to the present route of ingress and egress. Petitioners moved, and respondents cross-moved, for summary judgment upon the RPAPL article 15 claim. Supreme Court granted petitioners' motion and determined in a thorough and well-reasoned decision that, among other things, the scope of the right-of-way was limited to the present access route. Respondents now appeal.

We affirm. "The extent of an easement is determined by the language of the grant and, when necessary, by any circumstances that tend to show the parties' intent" (*Lopez v Adams*, 69 AD3d 1162, 1164 [2010] [citation omitted]; *see Gates v AT&T Corp.*, 100 AD3d 1216, 1218 [2012]). Supreme Court fully considered just that. Even assuming that ambiguities in the deed language required the court to consider the circumstances surrounding the grant, Supreme Court correctly determined that the granted right-of-way does not permit respondents to breach the buffer zone or rely upon roads other than those currently employed to access the Plum Beach parcel (*see Lopez v Adams*, 69 AD3d at 1164; *Wechsler v People*, 13 AD3d 941, 943 [2004]).

Peters, P.J., McCarthy and Egan Jr., JJ., concur. Ordered that the amended judgment is affirmed, without costs.