Zwickel v Underhill Land LLC (2026 NY Slip Op 01106)

Zwickel v Underhill Land LLC

2026 NY Slip Op 01106

Decided on February 26, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 26, 2026

CV-25-0114
[*1]Claire E. Zwickel et al., as Trustees, Respondents,
vUnderhill Land LLC et al., Appellants, et al., Defendants.

Calendar Date:January 8, 2026

Before:Garry, P.J., Ceresia, Fisher, McShan and Mackey, JJ.

McLoughlin O'Hara, LLP, New York City (Daniel M. O'Hara of counsel), for appellants.
Rupp Pfalzgraf LLC, Albany (William F. Demarest III of counsel), for respondents.

Fisher, J.
Appeal from an order of the Supreme Court (Sharon Graff, J.), entered September 23, 2024 in Greene County, which partially denied a motion by defendants Underhill Land LLC and Underhill RE Holding LLC to vacate the preliminary injunction.
The underlying facts of this case are familiar to this Court, being the third time we have had occasion to consider an appeal arising from this dispute (see 243 AD3d 973 [3d Dept 2025];237 AD3d 1455 [3d Dept 2025]). Briefly, plaintiffs are trustees of a family trust that owns a parcel of real property in the Town of Catskill, Greene County (hereinafter the Zwickel property). Defendants are developers who acquired a parcel of real property containing a four-lot subdivision in 2022, the majority of which lies north of the Zwickel property.[FN1] Although the western boundaries of both properties run along Underhill Road, defendants' property has limited access to this public road due the topography of the adjacent terrain. A narrow, triangular strip of defendants' property extends between Underhill Road and a portion of the Zwickel property. This strip of land contains an old wagon road (hereinafter the subject road), which originates at Underhill Road and proceeds northeast along the parties' property line, avoiding the challenging topography and providing access to the remaining lots on defendants' property. As part of their residential development plan, defendants began work to improve the subject road to make it suitable for vehicular travel.
In March 2023, plaintiffs commenced this action alleging that the work associated with the subject road constituted a trespass on their property and caused them damages. Plaintiffs simultaneously moved by order to show cause to enjoin defendants from, among other things, encroaching on the Zwickel property and performing work on or along the subject road. Supreme Court, in the relevant part, granted a preliminary injunction enjoining defendants from entering upon or making roadway improvements that encroached on the Zwickel property. Supreme Court then set an undertaking in the amount of $2,500, reasoning that defendants were still able to access their land and continue construction on their lots despite the injunction. In doing so, Supreme Court granted defendants leave to seek modification of the undertaking if they were unable to obtain certificates of occupancy due to inadequate access arising from the preliminary injunction. This Court affirmed the orders granting the preliminary injunction and the undertaking (243 AD3d at 976).
Thereafter, the Town of Catskill denied defendants the certificates of occupancy associated with their subdivided lots due to the inadequacy of the subject road. Defendants moved to vacate or modify the preliminary injunction, seeking to increase the undertaking to $1 million. Plaintiffs submitted opposition, and Supreme Court held a conference on the motion, permitting supplemental submissions addressing defendants' likelihood of success on their [*2]easement counterclaims. Ultimately, Supreme Court declined to vacate the preliminary injunction but, based on an estimated cost to construct an alternate roadway by one of defendants' principals, substantially increased the undertaking to $165,000. Defendants appeal.
We affirm. CPLR 6314 permits a defendant enjoined by a preliminary injunction to move at any time to vacate or modify it or the associated undertaking (see generally Hofstra Univ. v Nassau County, N.Y., 166 AD3d 863, 866 [2d Dept 2018]). The determination whether to vacate or modify a preliminary injunction or the undertaking "is addressed to the sound discretion of the court and may be granted either upon compelling or changed circumstances that render continuation of the injunction inequitable or upon failure to proceed expeditiously" (Matter of New York State Off. of Victim Servs. v Blue, 240 AD3d 1064, 1065 [3d Dept 2025] [internal quotation marks and citations omitted], appeal dismissed 44 NY3d 1035 [2025]).
Defendants failed to demonstrate that Supreme Court improvidently exercised its discretion in declining to vacate the order granting the preliminary injunction based on their easement counterclaim. An express easement appurtenant "is created through a written conveyance, subscribed by the grantors, that burdens the servient estate for the benefit of the dominant estate" (Gugino v Scripa, 228 AD3d 1112, 1113 [3d Dept 2024] [internal quotation marks and citations omitted]; see Northwood Sch., Inc. v Fletcher, 190 AD3d 1136, 1138 [3d Dept 2021]). Whereas an implied easement requires "(1) unity and subsequent separation of title, (2) the claimed easement must have, prior to separation, been so long continued and obvious or manifest as to show that it was meant to be permanent, and (3) the use must be necessary for the beneficial enjoyment of the land" (Biles v Whisher, 160 AD3d 1159, 1160 [3d Dept 2018] [internal quotation marks and citations omitted]; see LaBarge v MJB Lake LLC, 220 AD3d 1100, 1102 [3d Dept 2023]). "A party claiming a prescriptive easement must show, by clear and convincing evidence, that the use of the easement was open, notorious, hostile and continuous for a period of 10 years" (Sardino v Scholet Family Irrevocable Trust, 238 AD3d 1289, 1292 [3d Dept 2025] [internal quotation marks and citations omitted], lv denied 44 NY3d 909 [2026]). Concerning public highways, "once a road becomes a public highway, it is presumed to continue until it is shown to exist no longer" (Curtis v Town of Galway, 50 AD3d 1370, 1371 [3d Dept 2008] [internal quotation marks and citation omitted]).
In support of their motion to vacate the preliminary injunction, defendants relied on a 1911 deed granting a right-of-way across lands west of the Zwickel property as evidence of an express easement. However, that deed was between two sets of former owners of certain portions of defendants' property, and not the owner of the Zwickel property — who was not a party to that transaction — and [*3]therefore defendants' predecessor in title could not have gained a right-of-way over the Zwickel property (see Simone v Heidelberg, 9 NY3d 177, 182 [2007]; see also McColgan v Brewer, 84 AD3d 1573,1574 [3d Dept 2011]). Defendants next contend that a 1906 severance of a larger property — the resulting southern half being the Zwickel property and the northern half forming the portion of defendants' property to the north — created an implied easement. It is undisputed that there was both unity and a subsequent severance in title, however, defendants presented no evidence of obvious use that was meant to become permanent before the severance or the necessity of an easement at the time (see Beretz v Diehl, 302 AD2d 808, 810 [3d Dept 2003]; U.S. Cablevision Corp. v Theodoreu, 192 AD2d 835, 838 [3d Dept 1993]; compare Thomas Gang, Inc. v State of New York, 19 AD3d 861, 862 [3d Dept 2005]). As to the existence of a prescriptive easement, although there is mention in the 1911 deed of the open use of the subject road by defendant's predecessor in interest, there is no evidence of specific dates and times of said use and whether that use was continuous and uninterrupted for the requisite period (see Weir v Gibbs, 46 AD3d 1192, 1193-1194 [3d Dept 2007]; Alexy v Salvador, 217 AD2d 877, 879 [3d Dept 1995]; compare Auswin Realty Corp. v Klondike Ventures, Inc., 163 AD3d 1107, 1109-1110 [3d Dept 2018]). Moreover, as it relates to each of defendants' easement claims, the record is at best inconclusive as to the road's character as a public highway. Critically, the 1911 deed references Underhill Road as a "public highway" but, in the same sentence, refers to the subject road as "an old highway," omitting the word "public." Based on the foregoing, we cannot say that defendants established that the subject road was a public highway so as to warrant vacatur of the preliminary injunction (see Beretz v Diehl, 302 AD2d at 810; compare Petti v Town of Lexington, 92 AD3d 1111, 1113 [3d Dept 2012]; Curtis v Town of Galway, 50 AD3d at 1371-1372).
Next, defendants contend that Supreme Court abused its discretion when it declined to increase the undertaking to $1 million. We disagree. The amount of an undertaking "must not be based upon speculation and must be rationally related to the damages the defendants might suffer if the court later determines that the relief to which the undertaking relates should not have been granted" (572 Walt Whitman Rd. Holdings, LLC v Whitman Capital, LLC, 237 AD3d 878, 883 [2d Dept 2025] [internal quotation marks and citation omitted])."The fixing of the amount of an undertaking is a matter within the sound discretion of the Supreme Court, and its determination will not be disturbed absent an improvident exercise of that discretion" (Tahmin v Interlaken Owners, Inc., 228 AD3d 983, 985 [2d Dept 2024] [internal quotation marks and citation omitted]; see Darwish Auto Group, LLC v TD Bank, N.A., 224 AD3d 1115, 1119 [3d Dept 2024]). To support their [*4]claim that the undertaking should have been set at a minimum of $1 million, defendants submitted an affidavit of its principal asserting a constellation of damages associated with the preliminary injunction. Such affidavit was couched in terms of conclusory and speculative events, including allegations based on losses defendants could "potentially" incur, that they "probably will have to litigate" with nonparty neighbors or the unavailability of financing due to market forces impacting real estate loans. Given this lack of support — particularly for such a significant increase — defendants "failed to establish the existence of compelling or changed circumstances that render continuation of the injunction inequitable" without a $1 million undertaking (Matter of National Fuel Gas Distrib. Corp. v City of Jamestown, 108 AD3d 1045, 1047 [4th Dept 2013] [internal quotation marks and citation omitted]). Accordingly, we perceive no abuse of discretion by Supreme Court in the amount it ultimately fixed (see Matter of New York State Off. of Victim Servs. v Blue, 240 AD3d at1066; 255 Butler Assoc., LLC v 255 Butler, LLC, 208 AD3d 829, 831 [2d Dept 2022]; 456 Johnson, LLC v Maki Realty Corp., 177 AD3d 829, 830 [2d Dept 2019]).
Garry, P.J., Ceresia, McShan and Mackey, JJ., concur.
ORDERED that the order is affirmed, with costs.

Footnotes

Footnote 1: Lot 1 was subsequently sold to a codefendant.