■ AFCO CREDIT CORPORATION, Respondent, v ZURICH AMERICAN INSURANCE COMPANY, Appellant. [846 NYS2d 131]—

Judgment, Supreme Court, New York County (Helen E. Freedman, J.), entered July 25, 2006, awarding plaintiff the principal amount of $338,472.06, unanimously reversed, on the law, without costs, plaintiff's motion for summary judgment denied and the matter remanded for further proceedings.

Plaintiff's assignor, a premium finance company, gave defendant insurance company proper notice of the premium financing arrangement between itself and defendant's insured. Defendant's failure to acknowledge the notice is of no moment, especially considering that it does not deny having received the notice. Furthermore, because plaintiff's assignor cancelled the relevant policies pursuant to the premium finance agreements before defendant was able to cancel them on its own, California Insurance Code § 673 (j) does not provide a defense to plaintiff's claim to the unearned premiums under the cancelled policies (*see Pacific Bus. Connections, Inc. v St. Paul Surplus Lines Ins. Co.*, 150 Cal App 4th 517, 524, 58 Cal Rptr 3d 450, 454 [2007]).

However, summary judgment should not have been granted to plaintiff because an issue of fact exists with respect to whether defendant's insured owes monies payable into a "loss reimbursement fund," which debt would entitle defendant to an offset against the unearned premiums plaintiff seeks to recover. Defendant clearly raised this defense in Supreme Court, and, contrary to that court's interpretation of defendant's position, did not claim that the offset was related to premiums still owed by the insured for prior years' policies.

Finally, we note that defendant failed to preserve its argument that plaintiff lacks standing, and we decline to reach this issue. Concur—Andrias, J.P., Nardelli, Gonzalez, Sweeny and Malone, JJ.