■ LYDIA K. SUGARMAN, Appellant, v LAURENCE F. MALONE, Respondent, et al., Defendant. [853 NYS2d 21]—

Order, Supreme Court, New York County (Marcy S. Friedman, J.), entered on or about June 11, 2007, which denied plaintiff's motion for a declaratory judgment and granted defendant Malone's cross motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff moved into the Manhattan cooperative apartment with her late husband Howard in 1984, when the record owner of the shares was Howard's father, Jack. Howard died in 1990. When Jack died in 1995, he left the shares to his daughter (Howard's sister), who died a year later, leaving the property to her husband (defendant Malone). Malone asserted his interest in the premises nine years later, prompting plaintiff to bring this action in 2005, seeking a declaration that she is the rightful owner of the shares through adverse possession.

Any presumption of hostility to which plaintiff was entitled was defeated by her offer to purchase the shares from Malone in 1998, during the statutory period (*see Albright v Beesimer,* 288 AD2d 577, 578 [2001]; *see also Manhattan School of Music v Solow,* 175 AD2d 106 [1991], *lv denied* 79 NY2d 820 [1991]). Although Malone was not the record owner at the time of that offer, he had by that time acquired title by devise, and thus had an ownership interest. Moreover, plaintiff's concession that she was initially permitted to possess the premises because of her relationship by marriage, which was confirmed by Malone, was sufficient to rebut any presumption of hostility, and she has failed to raise an issue of fact in this regard (*see e.g. Wechsler v New York State Dept. of Envtl. Conservation,* 193 AD2d 856, 860 [1993], *lv denied* 82 NY2d 656 [1993]). Plaintiff's reference to conversations she had with the deceased prior owners was directly contradicted by her sworn statements submitted on prior motions, and thus cannot defeat Malone's cross motion for summary judgment (*see Harty v Lenci,* 294 AD2d 296, 298 [2002]).

Plaintiff's contention that Malone is not the proper party and does not have standing is unpreserved, and we decline to review it (*see AFCO Credit Corp. v Zurich Am. Ins. Co.,* 45 AD3d 441, 442 [2007]). Were to consider it on the merits, we would reject it. Concur—Tom, J.P., Buckley, Gonzalez and Acosta, JJ. [*See* 2007 NY Slip Op 31449(U).]