■ MARGARET R. SCHORSCH et al., Appellants, v MOSES & SINGER LLP, Respondent. [876 NYS2d 367]—

Judgment, Supreme Court, New York County (Walter B. Tolub, J.), entered July 10, 2008, dismissing the complaint, and bringing up for review an order, same court and Justice, entered June 20, 2008, which granted defendant's motion to dismiss, unanimously affirmed, with costs. Appeal from the aforesaid order unanimously dismissed, without costs, as superseded by appeal from the judgment.

To prevail in a legal malpractice suit, the client must prove negligence on the part of her attorneys, and that she would have prevailed on the merits but for that negligence (*see e.g. Davis v Klein*, 88 NY2d 1008 [1996]). Defendant made a prima

facie showing of entitlement to summary judgment through sworn statements and documentary evidence that the underlying defendant insurer had properly denied plaintiffs' claim pursuant to the dishonest acts exclusion, thus rendering any subsequent claim against the insurer futile. In response, plaintiffs failed to present any admissible evidence to raise a disputed issue of material fact as to the futility of the underlying insurance claim.

The court properly found that Margaret Schorsch's affidavit failed to create an issue of material fact as to whether her brother David was responsible for the 1995 inventory loss, or whether he was an "authorized representative" of M.R.S. Antiques so as to defeat coverage under the "dishonest acts" exclusion in the policy. Her affidavit contradicts detailed statements she previously made under oath in a 1995 case she brought against David wherein she alleged that he, as an integral member of the family business, had stolen company inventory and was thus responsible for the loss. This contradiction negated the authority of her affidavit as a basis for defeating defendant's motion for summary judgment (see Sugarman v Malone, 48 AD3d 281 [2008]).

Plaintiffs' assertion that the insurance policy did not contain an exclusion for dishonest acts is contrary to the record evidence. It is true that the insurer's counsel, in the February 14, 1997 letter denying coverage, mistakenly cited to a different policy it had issued to M.R.S. Antiques. However, the slight differences between the language of the fine arts coverage dishonest acts exclusion and the one incorrectly cited by counsel in the letter do not affect the material terms of the applicable exclusion. The basic scope is the same: coverage is excluded for dishonest acts by "you" or the insured's "employees" or "authorized representatives" or "anyone entrusted with the property." Since the inventory loss was caused by the dishonest acts of David, who qualified as an authorized representative of M.R.S. Antiques or a person otherwise entrusted with the missing property, coverage was properly denied. Concur—Andrias, J.P., Gonzalez, Acosta and Renwick, JJ. [See 20 Misc 3d 1140(A), 2008 NY Slip Op 51804(U).]