■ MICHAEL J. ESPOSITO et al., Appellants, v ROBERT STACK-LER et al., Respondents.—Weiss, J. Appeal from a judgment of the Supreme Court (Dier, J.), entered June 23, 1989 in Warren County, upon a decision of the court, without a jury, in favor of defendants.

On July 7, 1977, plaintiffs purchased lot No. 11 Brant Lake Estates in the Town of Horicon, Warren County, containing a summer camp, converted garage, and a patio on a sandy area. In November 1986, preliminary to a purchase, defendants obtained a boundary line survey of lot No. 12 which adjoined plaintiffs' lot. The survey disclosed that plaintiffs were using a triangular-shaped portion of that lot (hereinafter the disputed premises) on which they were storing many items of personal property. A clothes line, a screenhouse and much debris were also on the disputed premises. However, plaintiffs removed the items upon demand of the then-owner of lot No. 12, who had rejected their offer to buy the disputed premises.

In December 1986, lot No. 12 was sold to defendants, who erected a fence along the boundary line between the two lots. Subsequently, disputes ensued when plaintiffs removed the fence and defendants again erected it. Plaintiffs then obtained their own survey which confirmed that the disputed premises were in fact part of lot No. 12, after which they renewed their offer to purchase the disputed premises, again without success. In this action plaintiffs seek judgment holding that they had title to the disputed premises through adverse possession, or alternatively, that they had a right of use through an easement by prescription or an easement by implication. In their answer, defendants have, *inter alia,* counterclaimed for removal of an addition to plaintiffs' house claimed to be violative of a covenant and sideyard setback restriction in their deed. Following a trial, Supreme Court granted judgment in defendants' favor, holding that plaintiffs had failed to prove that they acquired title to the disputed premises by adverse possession or that they had an easement either by prescription or implication. Supreme Court further held that plaintiffs

had violated both the covenants contained in their deed and the building permit from the Town of Horicon because of the location of the addition to their house. Plaintiffs have appealed.*

Plaintiffs sought to prove that their use of the disputed premises was adverse to the title of defendants and their predecessors. The record establishes that plaintiffs performed various maintenance, including mowing, raking, weeding, removing rocks and filling the area with sand, and that they stored various items, such as sections of their dock, wood, and boats on the disputed premises. Plaintiffs also maintained a clothes line and erected a screenhouse on the disputed premises and used the same area as an extension of their patio. The factors mitigating against the claim of adverse possession were the intermittent and limited nature of plaintiffs' use, their friendship with defendants' predecessors in title, which may rebut a presumption that their use was hostile (see, *Susquehanna Realty Corp. v Barth,* 108 AD2d 909, 910; *Weinberg v Shafler,* 68 AD2d 944, 945, *affd* 50 NY2d 876), plaintiffs' offers to purchase the disputed area from defendants and defendants' immediate predecessor in title (see, *City of Tonawanda v Ellicott Cr. Homeowners Assn.,* 86 AD2d 118, 123; *see also,* 6 Wigmore, Evidence § 1778, at 284 [Chadbourn rev 1976]), as well as plaintiffs' acknowledgement of the location of their boundary line when applying to the town for a permit to build the addition to their camp. Equally significant is the fact that plaintiffs had complied with demands made by defendants' predecessors to remove their personal property and debris from the disputed premises.

Plaintiffs were bound to establish their claim over a 10-year period which did not commence until their purchase of lot No. 11, there being no proof of a tacking. It was their burden to establish the five elements required to prove adverse possession, i.e., that their possession was hostile and under a claim of right, actual, open and notorious, exclusive, and continuous for the statutory period (see, *Belotti v Bickhardt,* 228 NY 296, 302; *Gerwitz v Gelsomin,* 69 AD2d 992), all of which had to be established by the stringent and demanding standard of clear and convincing proof (see, *Van Valkenburgh v Lutz,* 304 NY 95, 98; *Rusoff v Engel,* 89 AD2d 587). The record here demonstrates inconsistencies in plaintiffs' proof, as well as the afore-

---

* Although Supreme Court found that the covenant relating to sideyard setbacks had been violated by plaintiffs, equitable relief was not ordered. Plaintiffs urge this finding will become academic if they prevail in their adverse possession claim on this appeal.

mentioned factors which mitigate against a finding of adverse possession. We find ample basis in the record to sustain Supreme Court's determination, particularly since it had the advantage of seeing the witnesses and weighing their credibility *(see, Northern Westchester Professional Park Assocs. v Town of Bedford,* 60 NY2d 492, 499).

Plaintiffs also contend that it was error for Supreme Court to have found that they violated their building permit because that contention had not been alleged in the pleadings, nor was it an issue in the case. The building permit was not in evidence nor was compliance therewith necessary to resolve the issues as pleaded. Accordingly, we agree it was error to determine that the permit had been violated.

Judgment modified, on the law, without costs, by deleting from the first decretal paragraph thereof the reference to violating the building permit, and, as so modified, affirmed. Kane, J. P., Casey, Weiss, Mercure and Harvey, JJ., concur.