Catherine A. GONTHIER, et al.

v.

Kenneth HORNE.

Supreme Judicial Court of Maine.

Argued May 9, 1990.

Decided June 20, 1990.

Robert A. Foley (orally), Willard, Kellis, Foley & McElhinney, Sanford, for plaintiffs.

Thomas E. Humphrey (orally), Roberts, Shirley & Humphrey, Springvale, for defendant.

Before McKUSICK, C.J., and WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

COLLINS, Justice.

Kenneth Horne appeals an adverse declaratory judgment rendered by the Superior Court (York County, *Brennan, J.*). That judgment declared Catherine A. Gonthier and Florence Frost to be the owners, subject to Horne's life estate,[1] of a parcel of land to which Horne claims ownership through adverse possession. Contrary to Horne's contention, we find that the evidence was sufficient to support the Superior Court's judgment, and we affirm.

## I.

Gonthier and Frost brought a declaratory judgment action in the Superior Court seeking a declaration that they possess title by deed to a parcel of land in Berwick. Horne counterclaimed, contending that he had obtained title to the disputed parcel by adverse possession. Using a survey of these parcels as a reference, the parties stipulated that they own adjoining parcels of land. The parties agreed that Horne owns the parcel designated as parcel "A" on the survey and that Gonthier and Frost own parcel "C." This dispute concerns parcel "B," of which Gonthier and Frost are the record owners.

The Superior Court held an evidentiary hearing to consider the parties' claims. For Horne to establish his claim of title to parcel B through adverse possession, he had to demonstrate that he maintained a possession of the disputed parcel that was "actual, open, notorious, hostile, under claim of right, continuous, and exclusive for a period of at least twenty years." *Emerson v. Maine Rural Missions Ass'n*, 560 A.2d 1, 2 (Me.1989). *See also McMullen v. Dowley*, 418 A.2d 1147, 1152 (Me. 1980) (cited by *Emerson*, 560 A.2d at 2). The court properly placed the burden of proving the existence of each of these elements on Horne. *See McMullen v. Dowley*, 483 A.2d 698, 700 (Me.1984).

At the evidentiary hearing, evidence was presented establishing the following facts. Horne bought parcel A in 1950 and constructed his home on that lot the same year. In 1952, Horne obtained title to parcels B and C by deed. In 1953, Horne deeded parcels B and C to Gonthier and Frost's predecessor in title, Chet Frost, Jr. Horne operated a small paving business, and in late 1953 or early 1954 (the date is disputed) he cleared the trees from a large portion of parcel B in order to park equipment and store materials used in this business on that parcel. During the next few years Horne built four buildings on the land to house equipment for his business. He also buried a fuel tank, used to serve his business, on parcel B. Horne's business-related uses of parcel B have continued from his original uses in the mid-1950's to the present. Evidence demon-

---

1. Plaintiffs have not appealed the determination that Horne had been granted a life estate to use the disputed parcel in conjunction with his paving business.

strated that Chet Frost, Jr., the predecessor in title to Gonthier and Frost, was aware of Horne's use of parcel B. In fact, the testimony indicated that the Chet Frost, Jr., and his father helped Horne accomplish his business endeavors related to parcel B.

On the basis of this evidence, the Superior Court found that Horne had established actual, open, notorious, and continuous use of parcel B for longer than twenty years, but that Horne had failed to prove that his use was exclusive, hostile, and maintained under a claim of right. The court stated that it based these findings on evidence that Horne "asked permission of the Frosts with respect to various uses of parcel B," on evidence that Horne asked Chet Frost, Jr. "for a deed to the disputed parcel" in 1974, and on evidence that "the Frost family used the disputed parcel in minor ways over the years." The court concluded that Horne had failed to prove ownership by adverse possession.

## II.

■ Horne first attacks the Superior Court's finding that he failed to demonstrate that his possession and use of parcel B were hostile and made under a claim of right. A determination that a party failed to carry his burden of proof may be reversed on appeal only if the evidence was of such a nature that the factfinder was compelled to believe it. *Luce Co. v. Hoefler*, 464 A.2d 213, 215 (Me.1983). Contrary to Horne's contentions, the evidence in this case does not compel the conclusion that Horne established every element of his claim of adverse possession.

At the hearing, Florence Frost, the wife of the deceased Chet Frost, Jr., provided hearsay testimony that Horne had requested and obtained her husband's permission to plant a garden and, on a separate occasion, to place a mobile home on the disputed parcel. Horne failed to object in a timely fashion to this hearsay testimony or to move to strike the testimony from the record. Nevertheless, Horne argues that this hearsay evidence was uncorroborated by other evidence demonstrating that

Horne sought permission to use parcel B and therefore was inherently unreliable and incompetent to support the Superior Court's findings.

■ Where a party fails either to present a timely objection or to move to strike legally inadmissible evidence, such as hearsay testimony not admissible under Article VIII of the Evidence Rules, we review the reception of such evidence solely to determine whether its admission constituted "obvious error affecting substantial rights." M.R.Evid. 103(d); *State v. True*, 438 A.2d 460, 467 (Me.1981); Field & Murray, *Maine Evidence* § 103.6 (1987). Stated otherwise, we will vacate the judgment of the Superior Court only when the error complained of "has deprived the party of a fair trial and has resulted in injustice." *Nyzio v. Vaillancourt*, 382 A.2d 856, 863 (Me.1978) (quoting *Wescott v. Vickerson*, 284 A.2d 902, 904 (Me.1971)).

■ We see no obvious error resulting from the court's reception of Florence Frost's testimony in this case. Contrary to Horne's contention, Gonthier and Frost presented other evidence, in addition to Frost's hearsay testimony, that tended to disprove the requisite elements of hostility and use under a claim of right. First, Horne testified that he thought he was supposed to pay something for the property, and that he was indeed willing to pay for it. Second, Gonthier and Frost's lawyer elicited testimony from Horne on cross-examination that Horne had initially cleared parcel B and portions of parcel C at the request of the record owner, Chet Frost, Jr. Third, evidence was presented demonstrating that Horne asked for the deed to parcel B three or four times before Chet Frost died in 1974. The evidence in these three examples alone is sufficient to substantiate the Superior Court's finding that Horne failed to demonstrate hostile possession under a claim of right. Further, we conclude that no obvious error results from reception of hearsay evidence tending to disprove a factual element of a claim of adverse possession, namely the existence of hostile possession, where the hearsay testimony is corroborated by other

competent evidence tending to disprove the same element. *See Goldthwaite v. Sheraton Restaurant*, 154 Me. 214, 224, 145 A.2d 362, 368 (1958) (hearsay evidence admitted by consent may properly be given weight as corroborative of other competent legal evidence).

▪ Horne also argues that the Superior Court's "reliance" on Horne's testimony that he asked for the deed to parcel B three or four times was "misplaced and legally impermissible" because these requests were made after the full 20–year period of adverse possession that commenced in late 1953 or early 1954 had ended. We do not find this argument persuasive. Even if the only evidence of deed requests presented to the court related to requests made after the crucial 20–year period, such requests rationally could be considered indicative of the nature of Horne's prior holding during the 20–year period. The Superior Court acting as the trier of fact was free to determine, as clearly it did, that this evidence indicated that Horne did not possess the parcel under a claim of right during the crucial 20–year period. It is primarily for the fact finder to judge the significance of evidence, as well as its weight and credibility, and we must give due regard to the trier of fact's determinations in this regard. *See Tonge v. Waterville Realty Corp.*, 448 A.2d 902, 905 (Me.1982).

In sum, we conclude that the evidence presented was not such that it compelled the Superior Court to find that Horne had established all of the elements of his claim of adverse possession.

The entry is:

Judgment affirmed.

All concurring.