■ PAUL M. GARRETT, Appellant, v VINCENT C. HOLCOMB et al., Respondents. [627 NYS2d 113] —Peters, J. Appeal from a judgment of the Supreme Court (Ryan, Jr., J.), entered August 11, 1992 in Schenectady County, upon a dismissal of the complaint at the close of all the evidence.

In 1958, defendants acquired title by quitclaim deed to a triangular piece of property which lies along the boundary between the parties' adjoining property. At that time, plaintiff's parcel was owned by Rose Patrick who had purchased the property in 1932 with a house and garage on the parcel. A corner of the garage and possibly the dirt driveway leading from the garage to the street encroached upon defendants' property. In 1966, plaintiff purchased the property from Patrick and continued to use the garage and dirt driveway. Plaintiff contends that from the time of his purchase, he maintained the disputed parcel by plowing it in the winter and by grading and seeding it when necessary. He further testified that his children played in such area and his wife planted flowers on a portion thereof.

In 1979, plaintiff commenced this action alleging title to the triangular piece of property by adverse possession. After a nonjury trial, Supreme Court granted defendants' motion for a

directed verdict and dismissed plaintiff's complaint. Plaintiff appeals.

It is well settled that in order to establish title by adverse possession, the proponent has the burden of demonstrating by clear and convincing evidence that for a period of 10 years claimant actually possessed the property in dispute and that such possession was open and notorious, exclusive, continuous, hostile and under claim of right (see, Brand v Prince, 35 NY2d 634, 636; Village of Castleton-on-Hudson v Keller, 208 AD2d 1006, 1008; Deuel v McGilton, 199 AD2d 737, 738). Where such possession is under claim of title not written, the proponent must also establish that the property was either "usually cultivated or improved" or "protected by a substantial inclosure" (RPAPL 522; see, Yamin v Daly, 205 AD2d 870; Porter v Marx, 179 AD2d 962). Should one desire to tack on the period of adverse use or possession by a predecessor in title to establish the statutory period, such tacking would be permitted as long as there is an " 'unbroken chain of privity between the adverse possessors' " (Rose Val. Joint Venture v Apollo Plaza Assocs., 178 AD2d 695, 697, quoting Pegalis v Anderson, 111 AD2d 796, 797).

Our review of the record defies any claim by plaintiff that adverse use and possession of the disputed parcel began with Patrick in 1932 due to the lack of proffered proof that she ever made claim to the property at issue. Hence, plaintiff could not now tack the alleged adverse use onto his claim of adverse possession (see, Rose Val. Joint Venture v Apollo Plaza Assocs., supra, at 697; Pegalis v Anderson, supra, at 797).

We further find that plaintiff failed to establish that his possession between 1966 and 1979 was hostile and under a "claim of right" since he conceded that title remained with a record owner prior to the running of the 10-year statutory period when he made two offers to purchase said property from the record owner during the relevant period (see, Manhattan School of Music v Solow, 175 AD2d 106, 107, lv dismissed 79 NY2d 820; Campano v Scherer, 49 AD2d 642, 643). Moreover, the record reveals that in 1969 plaintiff tore down the old garage, which infringed on the disputed parcel, and two years later built a new garage solely within his property line. In connection therewith, he relocated the dirt driveway to conform to the location of the garage. When asked why he simply did not replace the garage on the prior location, plaintiff testified that "[he] couldn't very well construct a building on property that wasn't [his]".

We find that by plaintiff's words and actions, the element of hostility under a claim of right was clearly negated *(see, Van Valkenburgh v Lutz,* 304 NY 95, 96; *City of Tonawanda v Ellicott Cr. Homeowners Assn.,* 86 AD2d 118, 123). Supreme Court therefore properly dismissed plaintiff's complaint.

Mikoll, J. P., Mercure, White and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, with costs.