■ LEO WEINBERG, Appellant, v MICHAEL F. CRILLEY, Respondent. [675 NYS2d 719] —Mikoll, J. Appeal from a judgment of the Supreme Court (Williams, J.H.O.), entered October 3, 1997 in Greene County, upon a decision of the court in favor of defendant.

In this dispute between adjoining property owners, defendant claimed ownership of a parcel of land through adverse possession. Following a nonjury trial in which defendant prevailed, plaintiff appeals.*

In July 1988, plaintiff purchased a parcel of unimproved vacant land on Church Street in the Village of Tannersville, Greene County. Defendant and his wife resided on the adjoining land, having purchased it in 1983 after renting from the previous owner since 1980. At issue is a portion of land along the south line of defendant's property and north line of plaintiff's property. This parcel provided the only roadway ac-

* As can be seen from the summons and verified complaint, American Title Insurance Company was originally included as a second defendant. For reasons unknown, however, this party was no longer a defendant as of the time of trial.

cess and parking area for defendant's vehicles, and served as a driveway and parking area for a cottage situated to the rear of defendant's residence. Defendant testified that while he did not receive a survey when he purchased his property, he was told that he owned the land in question. In addition to affording parking for both residences on defendant's property, the parcel was used as a side yard for defendant's residence. Defendant and his wife mowed the grass, cultivated the land and snow-plowed the area. Dennis Snyder, who lived in the rear cottage from either 1978 or 1979 to 1992 or 1993, testified that during the entire period of his tenancy, he kept a large wood pile upon the land in question and parked his car on the property without objection. He believed that the land was owned by his lessors. Snyder also regularly added fill to the parking areas. Numerous defense witnesses, residents of Tannersville familiar with the property through daily observation, testified that the parcel had been used in the manner described, both by defendant and his predecessors in interest, for over 20 years.

Before plaintiff closed on the purchase of the land in July 1988, he received a survey of the property which indicated the location of the parking area utilized by defendant. He also physically inspected the property and testified that he never noticed the parking area, or any cars or personal property thereon. In fact, plaintiff testified that despite visiting the property approximately three times each year, he never observed any cars parked there until 1992 or 1993. Moreover, plaintiff testified that in 1993, defendant offered to purchase the land in question from him. This testimony was contradicted by defendant, who admitted conversing with plaintiff and expressing interest in purchasing some of his land, but denied that these conversations referred to the parcel in question. Defendant added that during this conversation with plaintiff, no question was raised concerning ownership of the land occupied by defendant and that, in fact, plaintiff indicated his understanding that the wooded line south of the area in question was his boundary line. Plaintiff also presented equivocal evidence from the realtor who was involved in the sale to plaintiff concerning defendant's interest in purchasing a portion of the land being acquired by plaintiff, but again defendant testified that his interest related to a portion of the land beyond that at issue here.

Confronted with this sharply conflicting testimony, Supreme Court was required to, and did, resolve numerous credibility issues incidental to its findings of fact. "Although this Court in a nonjury trial is not limited to determining whether the find-

ings of the trial court are supported by the weight of the credible evidence, deference will still be given to the trial court's assessment of credibility issues" (*J & J Structures v Callanan Indus.*, 215 AD2d 890, 891, *lv denied* 86 NY2d 708). We thus accord substantial deference to Supreme Court's findings, and having done so conclude that there is ample support in the record for its determination that all of the elements of adverse possession were satisfied by clear and convincing evidence. The possession by defendant and his predecessors in interest (*see, Garrett v Holcomb*, 215 AD2d 884) was continuous, open and notorious, exclusive, hostile and under a claim of right (*see, Robarge v Willett*, 224 AD2d 746, 747; *Garrett v Holcomb, supra*, at 885). While it is true, as plaintiff contends, that an offer to purchase property in dispute vitiates any claim that the possession was either hostile or under a claim of right, implicit in Supreme Court's findings is that no such offer was in fact made.

Plaintiff also contends that it was improper for Supreme Court to adopt, posttrial, a survey submitted by defendant dated May 27, 1997 depicting the parcel adversely possessed. While it appears that the survey does in fact accurately reflect the area in question, as established by photographs admitted into evidence at trial, and corresponds to the description of the area as being "along the woodline to the south of the defendant's home", plaintiff argues that he should nonetheless have been permitted to cross-examine the surveyor. Since CPLR 5016 (c) provides that where nonmonetary relief is granted the form of the judgment is to be settled by the court on motion, we remit for compliance with this provision, at which time plaintiff may be accorded the opportunity to *voir dire* the exhibit.

Cardona, P. J., White, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by remitting the matter to the Supreme Court for settling the form of judgment pursuant to CPLR 5016 (c), and, as so modified, affirmed.