■ JOHN J. ALBRIGHT et al., Respondents, v ROSALIE BEESIMER, Appellant. [733 NYS2d 251] —Carpinello, J. Appeal from a judgment of the Supreme Court (Kavanagh, J.), entered July 6, 2000 in Ulster County, upon a decision of the court in favor of plaintiffs.

Plaintiff John J. Albright and defendant are siblings who live on adjoining properties in the Town of Marbletown, Ulster County. Albright and his wife, plaintiff Sharon Albright, claim to adversely possess a .162-acre wedge-shaped piece of property titled in defendant that is located between their residence and a private road known as Albright Lane.[1] They commenced this action in July 1999 alleging that they had continuously and openly used the subject parcel as their front yard under a claim of title not written for over 10 years (see, RPAPL 521, 522). Following a nonjury trial, Supreme Court agreed and granted them title to the parcel. Defendant appeals.

It was established at trial that plaintiffs have always known that the deed to their property did *not* include the disputed parcel. According to Sharon Albright, prior to 1985, she and her husband believed that the disputed piece was owned by his mother and father. In 1985, however, they learned that it was actually owned by defendant. After a family meeting in 1985 about the disputed parcel, defendant erected a fence across it. According to plaintiffs, the fence fell down and was then removed by them in 1986 for safety reasons.[2] Notably, John Albright testified at trial that he did not take the fence down himself for fear that he would "be breaking the law."

However, according to plaintiffs, after the fence finally fell

---

1. Access to plaintiffs' residence is not at issue in this case.

2. According to evidence submitted by defendant, the fence was not removed until 1988 or early 1989. Supreme Court, however, resolved this factual dispute in plaintiffs' favor finding that the fence was removed in the spring of 1986. We will not disturb this factual finding on appeal.

down in 1986 and for nearly 12 years thereafter, they continued to openly use the disputed parcel as their front yard, mowing the grass, planting flowers and trees and plowing a paved driveway that they had installed on the parcel. They testified that they never hid the fact that they were conducting these activities on the property from defendant nor did they ever seek her permission for same. They further claimed that defendant never objected to this use until November 1998, when her lawyer sent them a letter stating that they were trespassing.

To acquire title to land by adverse possession, plaintiffs were required to show that their possession of the disputed parcel was " 'hostile and under a claim of right, actual, open and notorious, exclusive and continuous' " for a period of 10 years (*Ray v Beacon Hudson Mtn. Corp.*, 88 NY2d 154, 159, quoting *Brand v Prince*, 35 NY2d 634, 636). Because they were attempting to establish title on a claim not based upon a written instrument, plaintiffs were also required to show that the parcel was "usually cultivated or improved" (RPAPL 522 [1]) or "protected by a substantial inclosure" (RPAPL 522 [2]). Not insignificant is the high standard of proof required in such cases, that is, clear and convincing evidence (*see, Ray v Beacon Hudson Mtn. Corp., supra*).[3] While we have no quarrel with Supreme Court's factual finding that plaintiffs openly, notoriously and uninterruptedly utilized the subject property as their front yard for the statutory period, we are compelled to find that the element of hostility was simply not established.[4]

Given the sibling relationship between John Albright and defendant, plaintiffs' open and continuous use of the disputed property as their front yard between 1986 and 1998 did not give rise to a *presumption* of hostility, as is usually the case in adverse possession matters (*see, e.g., McNeill v Shutts*, 258 AD2d 695, 696; *Turner v Baisley*, 197 AD2d 681, 682; *Weinberg v Shafler*, 68 AD2d 944, 945, *affd* 50 NY2d 876; *compare, Led Duke v Sommer*, 205 AD2d 1009). Thus, plaintiffs were required to "come forward with affirmative facts to establish that the use was under a claim of right and adverse to the interests of [defendant]" (*McNeill v Shutts, supra,* at 696; *see, Turner v Baisley, supra*; *Wechsler v New York State Dept. of Envtl. Conservation*, 193 AD2d 856, 859, *lv denied* 82 NY2d

---

**3.** In its oral decision finding that plaintiffs established the elements of adverse possession and awarding them title to the property, Supreme Court applied the wrong burden of proof (i.e., the court found that plaintiffs "established by a fair preponderance of evidence" that they are the rightful owners of the property).

**4.** We note that Supreme Court did not discuss this element in its oral decision on the matter.

656; *Congregation Yetev Lev D'Satmar v 26 Adar N.B. Corp.*, 192 AD2d 501, 503). Given the nature of the dispute, as it developed, this they could not do.

Notably, John Albright recounted a conversation with defendant's husband, Thomas Beesimer, which took place in 1995 or 1996 concerning the disputed parcel.[5] According to him, Beesimer stated that they had "to straighten out that piece—that piece of land there * * * everyone should own a front yard," to which John Albright *agreed*. In our view, this conversation negates an adverse and hostile use of the disputed parcel for if, as plaintiffs claim, they were hostilely and adversely using the disputed lot as their front yard, then surely John Albright would have protested Beesimer's statements which implied defendant's continued ownership of the parcel. Instead, within the statutory time period, he tacitly acknowledged defendant's superior right to the disputed lot. Such an acknowledgment defeats the claim of adverse possession (*see, e.g., Guariglia v Blima Homes*, 224 AD2d 388, *affd* 89 NY2d 851; *Garrett v Holcomb*, 215 AD2d 884, 885).

Equally fatal to plaintiffs' adverse possession claim is evidence that they made offers to purchase the lot *during* the statutory period (*see, e.g., Garrett v Holcomb, supra; Manhattan School of Music v Solow*, 175 AD2d 106, 107, *lv dismissed and denied* 79 NY2d 820; *Esposito v Stackler*, 160 AD2d 1154, 1155). In response to an inquiry by Supreme Court concerning plaintiffs making of "offers to the Beesimers and to other people," Sharon Albright responded: "Well, you have to understand, every couple of years, there would be a problem, every couple of years. * * * They would get angry at us over things. You know, if we didn't do things the way that they liked them, they would become angry and then they would show this little bit of control. And then at that point, then we would say to them, you know, we ask them, just sell us the front or, you know, let's do something, let's try to rectify it, and so we could get out of here, and they obviously didn't want us there, but, yet, we were stuck there." Although plaintiffs' counsel attempted to rehabilitate this obviously damaging testimony by trying to establish that all offers to purchase took place *after* the commencement of the action (*see, City of Tonawanda v Ellicott Cr. Homeowners Assn.*, 86 AD2d 118, 123-124, *appeal dismissed* 58 NY2d 824), we are unpersuaded that he succeeded. Sharon Albright's subsequent testimony

---

**5.** When asked by Supreme Court the date of this conversation, John Albright answered "probably four or five years ago." The trial in the matter was on May 12, 2000.

does not negate her previous testimony that offers to purchase were made "every couple of years" when problems arose. The time period between the July 1999 commencement of this action and the May 2000 trial makes clear that she could not have been referring solely to offers made *after* commencement of the action. Under these circumstances, we find that plaintiffs failed to prove title to the disputed parcel by adverse possession as they have not shown that they asserted a right hostile to defendant (*see, e.g., Pickett v Whipple*, 216 AD2d 833, 834).

Mercure, J. P., Peters, Spain and Lahtinen, JJ., concur. Ordered that the judgment is reversed, on the law and the facts, with costs, and complaint dismissed.