■ WILLIAM P. LARSEN et al., Respondents, v THOMAS F. HANSON, Appellant. [871 NYS2d 483]—

Spain, J. Appeal from that part of a judgment of the Supreme Court (Platkin, J.), entered May 9, 2008 in Rensselaer County, upon a decision of the court in favor of plaintiffs dismissing defendant's counterclaim.

Plaintiffs and defendant are the owners of adjoining parcels of real property along Beaver Road in the Town of Schodack, Rensselaer County. Defendant accesses his property over a dirt driveway and, since taking title to his land in 1986, has cleared and mowed areas both to the east and west of the driveway along the north side of Beaver Road. Plaintiffs commenced this action to quiet title, originally claiming ownership of the lands on both sides of the driveway. At trial, however, plaintiffs stipulated that they did not own the driveway or the area east of the driveway, leaving only the area to the west of the driveway and to the north of Beaver Road in dispute.* Defendant counterclaimed asserting ownership of the disputed lands under the doctrine of adverse possession. Following a bench trial, in light of plaintiffs' stipulation, Supreme Court declared that defendant and his wife are the owners of the driveway and the area to the east of the driveway.

With regard to the area of land to the west of the driveway, however, after rejecting the testimony of plaintiffs' expert, Supreme Court concluded that plaintiffs failed to meet their burden of proof demonstrating ownership and dismissed the complaint. With respect to defendant's counterclaim, Supreme

---

* The exact western and northern boundaries of the disputed areas are unclear.

Court found that defendant was the sole occupier of the disputed area since 1986, and that he had removed snow, cleared the land, and otherwise maintained the disputed area continuously since moving to Beaver Road. The court nevertheless dismissed the counterclaim based on its factual finding that defendant offered to purchase the disputed parcel from plaintiffs in 1993, thereby negating the adversity element of the adverse possession claim. Defendant appeals from the judgment insofar as it dismissed his counterclaim, and we now affirm.

A party may acquire title to the land of another by adverse possession if his or her occupation thereof is " (1) hostile and under a claim of right; (2) actual; (3) open and notorious; (4) exclusive; and (5) continuous for the required period" (*Walling v Przybylo*, 7 NY3d 228, 232 [2006]; *see Moore v City of Saratoga Springs*, 296 AD2d 707, 709 [2002]) which, here, is 10 years (*see* RPAPL 511). Only the first element, "the two parts of [which] have been viewed as virtually synonymous" (*Walling v Przybylo*, 24 AD3d 1, 6 [2005], *affd* 7 NY3d 228 [2006]), is at issue here. Further, defendant does not challenge any of Supreme Court's factual findings, including the fact that he made an offer to purchase property from plaintiffs in 1993. He focuses instead on the legal significance of the offer to purchase the property, arguing that it was insufficiently detailed to constitute an overt acknowledgment that plaintiffs owned the disputed parcel.

To be distinguished from the possessor's subjective knowledge that another holds title, the "possessor's overt acknowledgment of title in another" negates the element of hostility because it undermines notice to the owner that another is possessing the land under claim of title (*Walling v Przybylo*, 24 AD3d at 4). A possessor's offer to purchase land prior to the expiration of the statutory 10-year period is an overt acknowledgment of another's title sufficient to defeat the element of hostility necessary to an adverse possession claim (*see Albright v Beesimer*, 288 AD2d 577, 579 [2001]; *Garrett v Holcomb*, 215 AD2d 884, 885-886 [1995]; *Esposito v Stackler*, 160 AD2d 1154, 1155 [1990]; *see also Van Gorder v Masterplanned, Inc.*, 78 NY2d 1106, 1107-1108 [1991]; *Guariglia v Blima Homes*, 224 AD2d 388, 389 [1996], *affd* 89 NY2d 851 [1996]; *Manhattan School of Music v Solow*, 175 AD2d 106, 107 [1991], *lv dismissed and denied* 79 NY2d 820 [1991]). According to plaintiff William P. Larsen's testimony—credited by Supreme Court and not contested by defendant on appeal—in 1993 defendant offered to "purchase a piece of plaintiff[s'] property adjacent to [defendant's] driveway." Defendant argues that, because the offer was vague as to the precise location of the land, and because Larsen

admitted that a year later the parties could not agree where the boundary lay between their properties, the offer cannot be construed as an acknowledgment by defendant that plaintiffs own the land in question.

Contrary to defendant's argument, an offer to purchase need not precisely detail the property at issue in order to defeat the hostility necessary for adverse possession (see Albright v Beesimer, 288 AD2d at 579; Esposito v Stackler, 160 AD2d at 1154-1155). Here, although defendant did not specify how much property he was interested in purchasing, he offered to purchase land adjacent to his driveway, which necessarily included at least some portion of the land that defendant claimed to have adversely possessed in his counterclaim. Further, Larsen's admission that, at some point following the purchase offer, he and defendant could not agree on where the boundary line between their properties lies does not undermine the finding that the offer to purchase was an acknowledgment of plaintiffs' superior title. Indeed, even an acquiescence by the possessor to an expression by another that title is questionable can be enough to defeat a claim that the possessor held the title under claim of right (see Albright v Beesimer, 288 AD2d at 579). Accordingly, we agree with Supreme Court that defendant's offer to purchase operated to defeat the element of hostility in his adverse possession claim.

On appeal, defendant now argues that even if, as we have held here, the 1993 offer barred his claim for adverse possession between 1986 and 1996, it does not preclude him from demonstrating adverse possession for the 10-year period following 1993. Although, as noted above, it is settled law that a possessor's offer to purchase property will defeat his or her assertion of title by adverse possession where the offer is tendered "during the statutory period" (Walling v Przybylo, 24 AD3d at 7; see Garrett v Holcomb, 215 AD2d at 885), an offer that comes after the statutory period—i.e., after title is obtained—may be irrelevant (see Guariglia v Blima Homes, 89 NY2d 851, 853-854 [1996]; Albright v Beesimer, 288 AD2d at 579; Campano v Scherer, 49 AD2d 642, 643 [1975]; cf. Gonthier v Horne, 576 A2d 745, 748 [Me 1990] [offer after the statutory period "could be considered indicative of the nature of (the) holding during the (statutory) period"]).

Where, however, the offer to purchase or other overt acknowledgment of title in another is made prior to the commencement of the claimed statutory period, it necessarily impacts the element of hostility (see Gonthier v Horne, 576 A2d at 748). Because the purpose of the required elements "essential to con-

stitute an adverse possession is that the real owner may, by unequivocal acts of the usurper, have notice of the hostile claim, and be thereby called upon to assert his [or her] legal title" in the subsequent 10 years (*Monnot v Murphy*, 207 NY 240, 245 [1913]; *see* RPAPL 511; 512), where, as here, the possessor has acknowledged title in another, he or she must take some action, aside from continued possession, to put the other on notice that the possessor now claims to own the property. Just as where the possessor first enters property by permission rather than claim of right and must thereafter establish that "the initial permissive use was repudiated or renounced" (*Longshore v Hoel Pond Landing*, 284 AD2d 815, 816 [2001], *lv denied* 97 NY2d 603 [2001]), we hold that, here, defendant had to demonstrate that his overt acknowledgment of plaintiffs' ownership was expressly withdrawn or that defendant otherwise made it clear that he no longer believed plaintiffs owned the land before a new statutory period could commence.

The record does not contain evidence to support such a finding. Notably, defendant's adverse possession claim for the 1994 to 2004 statutory period is premised on the irrelevance of the 1993 offer; he does not argue that he carried his burden notwithstanding the offer's proper consideration, i.e., that he repudiated or disavowed his prior overt acknowledgment that another was seized of the land. Indeed, defendant testified that his activities on the property did not change between 1986 and 2004. Accordingly, it was defendant's burden at trial to prove adverse possession by the "stringent and demanding standard of clear and convincing proof" (*Esposito v Stackler*, 160 AD2d at 1155), and we agree with Supreme Court that defendant failed to establish title through adverse possession during any statutory period (*see e.g. Albright v Beesimer*, 288 AD2d at 579; *Garrett v Holcomb*, 215 AD2d at 885-886; *Esposito v Stackler*, 160 AD2d at 1154-1155; *Campano v Scherer*, 49 AD2d at 643).

Cardona, P.J., Rose, Kavanagh and Stein, JJ., concur. Ordered that the judgment is affirmed, with costs.