Rensselaer Polytechnic Inst. v Schubert (2019 NY Slip Op 01698)





Rensselaer Polytechnic Inst. v Schubert


2019 NY Slip Op 01698


Decided on March 7, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 7, 2019

526889

[*1]RENSSELAER POLYTECHNIC INSTITUTE, Respondent,
v
E. FRED SCHUBERT et al., Appellants.

Calendar Date: January 10, 2019

Before: Garry, P.J., Egan Jr., Aarons, Rumsey and Pritzker, JJ.


McNamee Lochner PC, Albany (Scott C. Paton of counsel), for appellants.
Pattison, Sampson, Ginsberg & Griffin, PLLC, Troy (Michael E. Ginsberg of counsel), for respondent.



MEMORANDUM AND ORDER
Garry, P.J.
Appeal from an order of the Supreme Court (Elliott III, J.), entered December 18, 2017 in Rensselaer County, which, among other things, granted plaintiff's motion for summary judgment.
Plaintiff and defendants own adjoining properties in the City of Troy, Rensselaer County. Plaintiff bought its property in 2014 from the estate of the former owner (hereinafter decedent), who had acquired the property in 1969 and died in 2013. Plaintiff also formerly owned defendants' property, and sold it to defendants in 2006.
While plaintiff was conducting renovations on its property in 2015, defendants complained that contractors were parking vehicles on their land and walking on their property when they got in and out of parked vehicles. In November 2015, plaintiff commissioned a survey that confirmed that a narrow strip of its driveway encroached on defendants' property. Plaintiff attempted to purchase an easement upon learning that defendants intended to erect a fence or boundary marker along the property line running through the driveway, but defendants refused this offer.
In February 2016, plaintiff commenced this action pursuant to RPAPL article 15 asserting, among other things, that it had acquired an easement by prescription over the encroaching portion of the driveway. Shortly thereafter, defendants placed a line of stakes connected by a chain, approximately 20 inches high, in the driveway along the property line. In September 2016, defendants obtained a survey showing that, after placement of this boundary marker, the remainder of plaintiff's driveway — which they claimed remained usable with no need for an easement — did not encroach on defendants' property.
After joinder of issue and discovery, plaintiff and defendants each moved for summary judgment and opposed the other party's application. Supreme Court granted plaintiff's motion, denied defendants' motion, awarded plaintiff a two-foot-wide prescriptive easement [*2]adjacent to the property line to allow ingress and egress from vehicles in plaintiff's driveway, directed defendants to remove the boundary marker, and enjoined defendants from erecting any future fence or marker that would encroach on the easement. Defendants appeal.
Defendants failed to preserve their appellate argument that the relief granted by Supreme Court exceeded the scope of plaintiff's pleadings, as they raised this claim for the first time on appeal (see generally Bender v Peerless Ins. Co., 36 AD3d 1120, 1121 [2007]). Plaintiff's motion papers expressly stated that plaintiff sought a prescriptive easement to permit persons using plaintiff's driveway to enter and exit their vehicles, and the record does not reveal that defendants argued that this relief exceeded the scope of plaintiff's complaint. Further, there was no "prejudice or unfair surprise" that might have precluded amendment of the complaint had defendants' claim been timely raised (Adirondack Combustion Tech., Inc. v Unicontrol, Inc., 17 AD3d 825, 826 [2005]; see CPLR 3025 [b], [c]), as plaintiff's submissions included witness testimony asserting that an easement was needed because the narrow configuration of plaintiff's remaining driveway prevented users from entering and exiting their vehicles without striking the boundary marker or stepping onto defendants' property.
In support of its summary judgment motion, plaintiff submitted surveys made in 2006, 2014 and 2015, all of which depict a narrow strip of plaintiff's driveway encroaching on defendants' property. A corner post — marked as "found," or already in place, on the 2006 survey — appears in all three surveys, located within the driveway and marking the point where the boundary line between the parties' properties meets the properties' front boundary lines.
Plaintiff also submitted affidavits from two nieces of decedent, who were the coexecutors of decedent's estate. The nieces had visited decedent regularly and routinely after decedent purchased the property in 1969. They averred that, based upon the surveys, it was apparent to them that a portion of the driveway was located on defendants' property in such a way that persons who used the driveway had to step over the property line onto defendants' property as they entered or exited their cars. The nieces asserted that they had used the driveway and thus stepped over the line in this fashion during their visits to decedent, and that they had seen visitors, guests and decedent's caretakers do so. They further stated that, although decedent did not own a car, her brother resided with her from 1969 until his death in 2004, owned a car that was parked in the driveway daily, and would have been required to step onto defendants' property each time that he entered or exited the vehicle. The nieces averred that persons who used defendants' property to access vehicles in plaintiff's driveway did so openly and with no attempt to hide their actions.
Attached to the nieces' affidavits were two photographs of plaintiff's driveway, revealing that it was comprised of two tire tracks of dirt and gravel on either side of a central grassy area [FN1]. A post or survey marker that appears to correspond to the corner post shown on the surveys can be seen in the approximate center of the dirt and gravel track on the left. The nieces averred that the pictures depict the driveway as it appeared for at least 30 years. Finally, they stated that they were not aware of any agreement between decedent and any neighbors granting permission to encroach or step on defendants' property.
Plaintiff also submitted an affidavit from its tenant asserting that, after defendants erected the boundary marker, persons using the driveway had difficulty opening and closing car doors without striking the marker, as well as a photograph showing a car parked in the driveway with a partly-open door resting against the marker. Other photographs of cars and trucks parked in the driveway with the boundary marker in place reveal that there was adequate space to permit vehicles to park in the driveway without encroaching on defendants' property, but that the sides of the vehicles were located within a few inches of the marker, thus leaving insufficient room for ingress and egress.
To establish the existence of a prescriptive easement, plaintiff was required to "show, by clear and convincing evidence, that the use of the easement was open, notorious, hostile and continuous for a period of 10 years" (Gulati v O'Leary, 125 AD3d 1231, 1233 [2015]; accord Rosenzweig v Howlan, 166 AD3d 1146, 1148 [2018]). Plaintiff's submissions established that the use of defendants' property by persons who entered and exited vehicles in the encroaching driveway was open and notorious (see Ward v Warren, 82 NY 265, 267-269 [1880]; Ciringione v Ryan, 162 AD3d 634, 634-635 [2018]; Gravelle v Dunster, 2 AD3d 964, 965-966 [2003]). The submissions likewise established that this use took place continuously for a period of more than 10 years while decedent owned the property. Contrary to defendants' assertion, plaintiff was not required to provide specific dates when the nieces saw persons using the driveway. The nieces' allegations that they, as well as decedent's brother, visitors and caretakers, regularly used the driveway and necessarily stepped on defendants' property while doing so were sufficient to establish that the use was continuous during the 45-year period of decedent's ownership (see e.g. Meyers v Carey, 75 AD3d 949, 949-950 [2010]; Gorman v Hess, 301 AD2d 683, 685 [2003]).
Where, as here, continuity and open and notorious use have been proven, "'hostility is generally presumed, thus shifting the burden to the defendant to demonstrate that the use was permissive'" (Schwengber v Hultenius, 160 AD3d 1083, 1084 [2018], quoting Barra v Norfolk S. Ry. Co., 75 AD3d 821, 823-824 [2010]). Defendants did not satisfy that burden. They produced no evidence that they or their predecessors in title had ever given express permission for the use of their property, nor did they demonstrate that a relationship "of neighborly cooperation and accommodation" ever existed from which permission could have been inferred (Schwengber v Hultenius, 160 AD3d at 1084 [internal quotation marks and citations omitted]). As defendants offered no evidence of permissive use during decedent's ownership, while the prescriptive period accrued, "the use during that time is presumed to be hostile" (Meyers v Carey, 75 AD3d at 950; see Auswin Realty Corp. v Klondike Ventures, Inc., 163 AD3d 1107, 1110 [2018]).
Defendants' submissions did not otherwise establish the existence of a triable issue of fact. No such issue was created by an affidavit from a neighbor who asserted that he regularly mowed decedent's lawn beginning in 1991, including "a strip of grass" that he believed lay on decedent's property between the driveway and the property line. Notably, the neighbor claimed that he continued to mow this same strip of grass after 2006, when defendants purchased their property — that is, after the 2006 survey showed that the driveway encroached on defendants' land in such a fashion that no such strip of grass could have existed. Accordingly, the affidavit establishes only that the neighbor, and perhaps the parties' predecessors in title, may have been mistaken as to the location of the property line — a circumstance that would not defeat a finding of hostility (see Fatone v Vona, 287 AD2d 854, 856-857 [2001]; Sinicropi v Town of Indian Lake, 148 AD2d 799, 800 [1989]; Bradt v Giovannone, 35 AD2d 322, 325-326 [1970]; see also Walling v Przybylo, 7 NY3d 228, 232-233 [2006]).
The neighbor's assertion that plaintiff "expand[ed] and widen[ed]" the driveway after taking ownership likewise gives rise to no triable issue of fact. Defendants made no claim of any such expansion onto their property, other than small amounts of gravel that they asserted were transferred by the weight of vehicles using the driveway. Further, photographs in the record reveal that any widening of the driveway took place on plaintiff's property, on the opposite side of the driveway from the property line.
Defendants' remaining arguments are without merit. Plaintiff's December 2015 offer to purchase an easement from defendants does not constitute "an overt acknowledgement of another's title sufficient to defeat the element of hostility," as such an acknowledgment must be made before the prescriptive period expires (Larsen v Hanson, 58 AD3d 1003, 1004 [2009]; see Albright v Beesimer, 288 AD2d 577, 579-580 [2001]; Garrett v Holcomb, 215 AD2d 884, 885 [1995]; Manhattan School of Music v Solow, 175 AD2d 106, 107-108 [1991], lv dismissed and denied 79 NY2d 820 [1991]). Likewise, plaintiff is not precluded from claiming the existence of a prescriptive easement by a provision in the 2006 [*3]bargain and sale deed affirming that plaintiff "ha[d] not done or suffered anything" to cause the property to be encumbered. "[A] grantee of land takes title subject to duly recorded easements that have been granted by his or her predecessors-in-title, as well as to unrecorded easements of which he or she has actual or constructive notice" (Stasack v Dooley, 292 AD2d 698, 700 [2002] [internal quotation marks, brackets and citation omitted]). Even if we were to assume that the 2006 survey was sufficient to charge plaintiff with notice of a prescriptive easement arising from the encroaching driveway, defendants' remedy for such a breach would be a claim for money damages (see e.g. Webster v Ragona, 51 AD3d 1128, 1129-1130 [2008]). Simply stated, any such breach of warranty that might possibly be found would not affect the existence of the easement. Accordingly, Supreme Court did not err in finding the existence of a prescriptive easement (see Ducasse v D'Alonzo, 100 AD3d 953, 953-954 [2012]; Meyers v Carey, 75 AD3d at 949-950; Kessinger v Sharpe, 71 AD3d 1377, 1378-1379 [2010]; Gravelle v Dunster, 2 AD3d at 965-966).
Egan Jr., Aarons, Rumsey and Pritzker, JJ., concur.
ORDERED that the order is affirmed, with costs.



Footnotes

Footnote 1: Other record references to these photographs indicate that they were taken by defendant Jutta M. Schubert in December 2015 and furnished to plaintiff in discovery.