Gelles v Sauvage (2024 NY Slip Op 51376(U))

[*1]

Gelles v Sauvage

2024 NY Slip Op 51376(U)

Decided on October 7, 2024

Supreme Court, Bronx County

Gomez, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 7, 2024
Supreme Court, Bronx County

Amy Gelles, Plaintiff(s),

against
Pierre P. Sauvage, AS EXECUTOR OF THE ESTATE OF MARIA SAUVAGE, Defendant(s).

Index No. 22380/15E

Plaintiff's Counsel: Higgins & Trippett, LLC
Defendant's Counsel: Law Offices of Fred L. Seeman

Fidel E. Gomez, J.

In this action to, inter alia, quiet title, plaintiff moves seeking an order pursuant to CPLR § 5016(c), seeking leave to enter and/or directing the entry of her proposed judgment. Plaintiff avers that subsequent to this Court's Decision and Order dated February 21, 2023, which granted her application for summary judgment on her claim for adverse possession, she prepared a metes and bounds description in order to enter judgment in accordance with the Decision and Order. Defendant opposes the instant motion averring that the metes and bounds description prepared by plaintiff seeks to appropriate a greater portion of defendant's property than that authorized by this Court.
For the reasons that follow hereinafter, plaintiff's application is granted. 
The instant action is to quiet title, for declaratory judgment, trespass, negligence, nuisance and conversion. The amended complaint alleges the following. Plaintiff owns the premises located at 6031 Huxley Avenue, Bronx, NY (6031) and the lot on which 6031 sits. Defendant MARIA P. SAUVAGE [FN1]
(MS) owns the premises located at 6030 Huxley Avenue, Bronx, NY (6030), which she acquired from her husband Paul Sauvage (PS) subsequent to his death. Plaintiff purchased 6031 on June 20, 1997, from Franz J. Monssen (FM) and his wife Linda Monssen (LM), who on April 6, 1979, purchased 6031 from Genevieve Lynch (Lynch). 6031 and 6030 are adjacent to each other. More specifically, the southern portion of 6031 abuts and is adjacent to the northen portion of 6030. The eastern portion of both properties are on and abut Huxley Avenue and the western portions of both properties are on and abut Spencer Avenue. In April 2015, MS wrongfully destroyed a portion of the Stone Garage when she and/or persons under her direction knocked down portions of the southern, eastern, and western walls of the Stone Garage and thereafter, erected a chain-link fence in the middle of the Stone Garage.
Based on the foregoing, plaintiff interposes six causes of action with respect to the Stone [*2]Garage and four areas of 6030, over which either sat a portion of Stone Garage or to which the Stone Garage was adjacent. The first area is at the southeasterly corner of 6031, which sits over the property line between 6031 and 6030, over which sat a portion of the Stone Garage, and which runs 12 feet north from 6031 and towards 6031. The second area is behind the Stone Garage, which runs west to a paved asphalt driveway. The third area is a triangular area, which runs west, following the contours of a driveway and a retaining wall, which includes concrete stairs and a sidewalk, and leads to the front door of 6031. The last area is at the west end of 6031 and previously contained a walkway from Spencer Avenue.
The first cause of action is to quiet title pursuant to Article 15 of the RPAPL. Specifically, plaintiff alleges that she has acquired titled over the portion of the Stone Garage and four other areas of 6030, over which either sat a portion of Stone Garage or to which the Stone Garage was adjacent under the doctrines of adverse possession and/or practical location. With respect to adverse possession, plaintiff alleges that the foregoing areas have been adversely possessed by plaintiff because for a period of at least 10 years, plaintiff has (1) usually cultivated, maintained, improved, and/or substantially enclosed the foregoing four areas; (2) openly, notoriously and hostilely used the four areas under a claim of right; (3) exclusively used the Stone Garage - which constitutes a substantial enclosure - for her own purposes, always maintaining the Stone Garage's structural integrity and at times renting it to tenants; and (4) used the area behind the Stone Garage, the walkway at or near the concrete stairs, the concrete stairs, and the walkway on Spencer Avenue exclusively for her own purposes, cutting and watering the grass thereon, and removing debris therefrom. With respect to practical location, it is alleged that the Stone Garage's walls and the overhang of its roof, the area behind the Stone Garage, the walkway and stairs, and the walkway on Spencer Avenue constitute a clear, natural, and practical demarcation of the property line between 6031 and 6030. The second cause of action is for declaratory judgment, wherein it is alleged that the doctrines of adverse possession and/or practical location, warrant declaration that plaintiff owns the foregoing areas and is entitled to an easement allowing it to use a portion of 6030, namely the asphalt driveway and concrete patio located thereat. The third cause of action is for trespass, wherein plaintiff seeks damages for the damage to the Stone Garage, which is alleged to be plaintiff's property. The fourth cause of action is for negligence, wherein plaintiff seeks damages for the damage to the Stone Garage, which is alleged to be plaintiff's property and caused by MS' breach of the duty of care. The fifth cause of action is for private nuisance, wherein plaintiff seeks damages for the damage to the Stone Garage, which is alleged to be plaintiff's property and caused by MS' interference with plaintiff's use and enjoyment of Stone Garage. The sixth cause of action is for conversion, wherein plaintiff seeks damages for the damage to the Stone Garage, which is alleged to be plaintiff's property and caused by MS' conversion of plaintiff's property.
Within their answer, defendants interpose 17 affirmative defenses, including that the instant action is barred by the statute of limitations and that plaintiff fails to join indispensable parties. Defendants also interpose a counterclaim seeking to recover compensatory damages totaling $5,500 and exemplary damages in excess of $500,000. 
On February 21, 2023, this Court, inter alia, granted plaintiff's motion seeking partial summary judgment with respect to two of her causes of action for adverse possession. Saliently, this Court held that
[p]laintiff's motion seeking partial summary judgment is granted, in part. Significantly, plaintiff establishes that by virtue of adversely possessing the Stone Garage and the area of 6030 on which it sat, plaintiff has acquired title to both so as to warrant summary judgment on the first two causes of action to quite title and for declaratory judgment, respectively.
Plaintiff's motion seeking leave to enter and/or directing entry of her proposed judgment is granted. Significantly, the metes and bounds description within the proposed judgment, describing the area on defendant's property on which the Stone Garage sat is properly in accordance with this Court's Decision and Order.
Pursuant to CPLR §5016(c), "[j]udgment upon the decision of a court or a referee to determine shall be entered by the clerk as directed therein. When relief other than for money or costs only is granted, the court or referee shall, on motion, determine the form of the judgment."). Thus, "[i]t is only the complex and non-monetary judgments that are subject to a different procedure under the statute, where a proposed judgment must first be submitted to the court or referee for approval, on notice" (Hon. Mark C. Dillon, Prac Commentaries McKinney's Cons Laws of NY, CPLR C6016:3 [Note: online version]). Indeed, simple non-monetary judgments incident to a court's decision may be entered by the clerk as directed therein and do not require a motion (Doe v Rosenthal, 176 AD2d 283, 283 [2d Dept 1991] ["In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Burke, J.), entered January 8, 1990, which denied his motion for an order directing the entry of a final judgment dismissing the action. ORDERED that the order is affirmed, without costs or disbursements. Pursuant to CPLR 5016(c), the plaintiff may enter a final judgment in this action without a further order of the Supreme Court. Therefore, the motion was unnecessary."]).
In support of the instant motion, plaintiff submits an affirmation [FN2]
by Anastasia I. Parsatoon (Parsatoon), a licensed surveyor, wherein she states that she performed a survey at 6031. Thereafter, she prepared a survey drawing as well as a metes and bounds description of the Stone Garage, which is located on both 6031 and 6030's lots. Parsatoon also prepared a metes and bounds description of 6031, which includes the entirety of the Stone Garage. 
Plaintiff submits Parsatoon's survey, dated December 30, 2023. The survey depicts the Stone Garage's location relative to 6031 and 6030. Notably, the boundaries for the Stone Garage depicted therein are extended to account for the Stone Garage's roof, which due to its overhang, extends beyond the walls of the Stone Garage.Plaintiff submits the metes and bounds descriptions referenced by Parsatoon. 
Based on the foregoing, the instant motion must be granted. As noted above, pursuant to CPLR §5016(c), when the relief sought in a judgment is more than money or costs, the proponent of a judgment must make a motion seeking to enter the proposed judgment. While there is a dearth of case law on this issue, it stands to reason that on such an application, it is the court's [*3]role to scrutinize the judgment sought to ensure it is accordance with the decision that undergirds it.
Here, plaintiff's submissions evince that the survey and resulting metes and bounds descriptions prepared by Parsatoon are identical to a drawing not only attached to plaintiff's amended complaint, but submitted in support of her application for partial summary judgment. With respect to said drawing, the Court, in its prior Decision and Order, noted that it
depicts, as relevant, the location of the Stone Garage relative the properties. Per the drawing, the Stone Garage sits between both 6030 and 6031, such that the property line of record between both properties nearly bisects the garage in half. It appears that a greater portion of the garage sits on [] 6031's property. The drawing also indicates that the portion of the Stone Garage that sat on 6030's property as well as a portion that sat on 6031's property was removed.
Notably, much like the survey submitted by plaintiff, the foregoing drawing similarly extends that boundaries of the Stone Garage beyond its four walls to accommodate its roof.
Accordingly, here, the proposed judgment which seeks to formalize this Court's Decision and Order, which, inter alia, declared that plaintiff owns the area of 6030 over which the Stone Garage sat, properly comports with the Court's Decision and Order.
Nothing submitted in opposition precludes the grant of plaintiff's application. 
In opposition to plaintiff's motion, defendant submits an affirmation by Frank S. Ferrantello (Ferrantello), a licensed surveyor, who states that after performing and creating a survey of 6030 and 6031, and more specifically, the area where the Stone Garage sat and currently sits, the survey prepared by Parsatoon incorrectly identifies the portion of 6030, which this Court has declared has been adversely possessed by plaintiff. Specifically, Ferrantello states that
in contravention of the Court's determination, Parsatoon created 'new line' which runs along a projected and non-existing roof overhang and not the actual footprint of the garage/ stone wall. This gives the Plaintiff additional property not established by the Court Record. Specifically, an additional 5.9 feet of property to the east, and in front of the garage adversely impacting and affecting the properties legally defined street frontage of the Defendant's lot is improperly shown by the Parsatoon survey.
Defendant also submits the survey created by Ferrantello, which depicts both his survey alongside Parsatoon's survey. Saliently, the former limits the area adversely possessed by plaintiff to the boundaries of the Stone Garage's walls. 
The foregoing fails to preclude the grant of plaintiff's motion.
Here, there is no merit to defendant's contention that the survey and metes and bounds descriptions submitted by plaintiff in support of this motion constitute impermissible new evidence, whereby plaintiff seeks to augment the area to which she was granted adverse possession. To be sure, plaintiff's instant submissions merely reflect the inevitable reality that absent a survey and a metes and bounds description demarcating the area over which plaintiff was granted adverse possession there is simply no way to enter a judgment implementing this Court's Decision and Order. Accordingly, contrary to defendant's contention, at this juncture the [*4]only question before this Court is not whether it can consider the survey and metes and bounds descriptions submitted - this Court can - but whether these submissions impermissibly enlarge the portion of 6030, which this Court held plaintiff has adversely possessed. 
To that end, as noted above, here, plaintiff has always sought to extend the boundaries of the Stone Garage to account for the overhang of the same's roof. Indeed, the drawing annexed to both plaintiff's amended complaint (NY St Courts Elec Filing [NYSCEF] Doc No. 62, Amended Complaint) and her application for summary judgment (NY St Courts Elec Filing [NYSCEF] Doc No. 22, Exhibit6) clearly indicates that, with respect to the Stone garage, the boundary lines depicted therein, which extend beyond the walls of the Stone Garage, represent the "Line[s] of the Original Roof Partially Removed." Thus, not only has defendant been aware that if successful, plaintiff would seek to possesses more of 6030's land than merely the boundaries of the Stone Garage's four walls, but this Court was aware of it as well. Hence, this Court's Decision and Order necessarily granted plaintiff adverse possession of the portion of the 6030 over which the Stone Garage sat, including the portion beyond its walls where its roof overhangs.
Since the facts here are clear and this Court's decision is based on the determination it made in its prior Decision and Order, no hearing is required prior to granting plaintiff's application (cf. Weinberg v Crilley, 252 AD2d 861, 863 [3d Dept 1998] ["Plaintiff also contends that it was improper for Supreme Court to adopt, posttrial, a survey submitted by defendant dated May 27, 1997 depicting the parcel adversely possessed. While it appears that the survey does in fact accurately reflect the area in question, as established by photographs admitted into evidence at trial, and corresponds to the description of the area as being along the woodline to the south of the defendant's home, plaintiff argues that he should nonetheless have been permitted to cross-examine the surveyor. Since CPLR 5016(c) provides that where nonmonetary relief is granted the form of the judgment is to be settled by the court on motion, we remit for compliance with this provision, at which time plaintiff may be accorded the opportunity to voir dire the exhibit" [internal quotation marks omitted].). Accordingly, the instant motion is granted. It is hereby
ORDERED that the Clerk enter the judgment attached hereto. It is further
ORDERED that plaintiff serve a copy of this Decision and Order with and the judgment with Notice of Entry, upon defendants within thirty (30) days hereof. It is further
ORDERED that all parties appear for a Status Conference on November 25, 2024 at 10am.
This constitutes this Court's decision and Order.
Dated : October 7, 2024
Bronx, New York
HON. FIDEL E. GOMEZ, JSC

Footnotes

Footnote 1:Subsequent to the commencement of this action, MS passed away and defendants were substituted in her place. 

Footnote 2:As of January 1, 2024, CPLR § 2106 states, in pertinent part, that "[t]he statement of any person wherever made, subscribed and affirmed by that person to be true under the penalties of perjury, may be used in an action in New York in lieu of and with the same force and effect as an affidavit."